KAUFMAN BORGEEST & RYAN LLP
Robert A. Benjamin
Patrick Stoltz
200 Summit Lake Drive
Valhalla, New York 10595
Telephone: 914.449.1000
Facsimile: 914.449.1100
rbenjamin@kbrlaw.com

*Attorneys for Hartford Fire Insurance Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------x

VALEANT PHARMACEUTICALS         :
INTERNATIONAL, INC.; VALEANT    :
PHARMACEUTICALS INTERNATIONAL; and :
AGMS, INC.                      :
                                :
          Plaintiffs,           :
                                :
v.                              :
                                :   Civil Action. No:
AIG INSURANCE COMPANY OF CANADA; :   3:18-CV-00493
ACE INA INSURANCE COMPANY; ALLIANZ :
GLOBAL RISKS US INSURANCE COMPANY; :   **HARTFORD FIRE INSURANCE**
ARCH INSURANCE CANADA LTD; EVEREST :   **COMPANY ANSWER AND**
INSURANCE COMPANY OF CANADA;     :   **AFFIRMATIVE DEFENSES**
HARTFORD FIRE INSURANCE COMPANY; :
IRONSHORE CANADA LTD; LIBERTY    :
INTERNATIONAL UNDERWRITERS, a division :
of LIBERTY MUTUAL INSURANCE      :
COMPNAY; and LIBERTY MUTUAL      :
INSURANCE COMPANY; LLOYD'S       :
UNDERWRITERS; LLOYD'S CONSORTIUM :
9885 (a/k/a STARR FINANCIAL LINES :
CONSORTIUM 9885); LLOYD'S SYNDICATE :
ANV 1861; LLOYD'S SYNDICATE AMA 1200; :
LLOYD'S SYNDICATE ARGO 1200; LLOYD'S :
SYNDICATE AWH 2232; LLOYD'S      :
SYNDICATE BRT 2987; LLOYD'S SYNDICATE :
CVS 1919; LLOYD'S SYNDICATE HCC 4141; :
LLOYD'S SYNDICATE MITSUI 3210;   :

LLOYD'S SYNDICATE MIT 3210; LLOYD'S    :
SYNDICATE NAV 1221; LLOYD'S    :
SYNDICATE QBE 1886; LLOYD'S    :
SYNDICATE SJC 2003; ROYAL & SUN    :
ALLIANCE INSUANCE COMPANY OF    :
CANADA; TEMPLE INSURANCE COMPANY  :
and XL INSURANCE COMPANY SE.,    :
    :
        Defendants.    :
-------------------------------------------------------------x

Defendant Hartford Fire Insurance Company ("Hartford"), by and through its undersigned attorneys, Kaufman Borgeest & Ryan LLP, hereby responds to the Complaint (the "Complaint") filed by Plaintiffs Valeant Pharmaceuticals International, Inc., Valeant Pharmaceuticals International, and AGMS, Inc. ( collectively, "Plaintiffs"), and states as follows:

## **INTRODUCTION**

1.    Hartford submits that Paragraph 1 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford admits that Plaintiffs purport to seek relief for breach of contract and declaratory judgment and that Hartford issued Excess Insurance Policy Number DA 0271573-13 to Valeant Pharmaceuticals International, Inc., reflecting a September 28, 2013 to September 28, 2014 Policy Period (the "Hartford Policy").  Hartford denies that it breached any duty owed to Plaintiffs or that it wrongfully denied coverage to Plaintiffs.  Hartford further denies that Plaintiffs are entitled to any of the relief sought in the Complaint.  Hartford further denies the remainder of the allegations contained in Paragraph 1 of the Complaint.

2.    Hartford submits that Paragraph 2 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 2 of the Complaint.  To the extent that a response is required, Hartford

2

denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint.

3.       Hartford submits that Paragraph 3 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 3 of the Complaint.  Hartford further submits that Paragraph 3 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint.

4.       Hartford submits that Paragraph 4 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford admits that it issued the Hartford Policy, an independent contract of insurance, and that "Securities Claim" and "Claim" are defined terms in policy number 01-421-57-69 issued by AIG Insurance Company of Canada (the "Primary Policy").     Hartford respectfully refers the Court to the Primary Policy and Hartford Policy, which, as written documents, speak for themselves. Hartford denies the remaining allegations contained in Paragraph 4 of the Complaint to the extent that they are asserted against Hartford, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of the Complaint.

5.       Hartford submits that Paragraph 5 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 5 of the Complaint.  Hartford further submits that Paragraph 5 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a

4651036

response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

6.      Hartford submits that Paragraph 6 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 6 of the Complaint.  Hartford further submits that Paragraph 6 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 6 of the Complaint to the extent that they are asserted against Hartford, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Hartford submits that Paragraph 7 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford admits that Plaintiffs purport to seek coverage under the Hartford Policy for the following litigation: *In re Allergan, Inc. Proxy Violation Securities Litigation*, Case No. 8:14-cv-2004 (C.D. Ca), *Allergan, Inc. et al. v. Valeant Pharmaceuticals International, Inc. et al.*, Case No. 8:14-cv-01214 (C.D. Ca) and *Timber Hill LLC v. Pershing Square Capital Management, LP, et al.*, Case No. 2:17-cv-04776 (C.D. Ca.) (collectively, the "Allergan Actions").  Hartford respectfully refers the Court to the operative complaints filed in the Allergan Actions, which, as written documents, speak for themselves.  To the extent that a response is required, Hartford denies that the Allergan Actions constitute Securities Claims under the Hartford Policy.  To the extent that a further response is required, Hartford denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 7 of the Complaint.

4

8.      Hartford submits that Paragraph 8 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 8 of the Complaint.  Hartford further submits that Paragraph 8 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint.

9.      Hartford submits that Paragraph 9 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 9 of the Complaint.  Hartford further submits that Paragraph 9 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford admits that Plaintiffs purport to seek coverage under the Hartford Policy for the Allergan Actions.  Hartford denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 9 of the Complaint.

10.      Hartford submits that Paragraph 10 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 10 of the Complaint to the extent that they are asserted against Hartford, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 10 of the Complaint.

11.      Hartford submits that Paragraph 11 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 11 of the Complaint to the extent that they are

4651036

asserted against Hartford, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Hartford submits that Paragraph 12 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford admits that the Allergan Actions do not "meet the definition of 'Securities Claim'" contained in the Primary Policy and respectfully refers the Court to the Primary Policy and Hartford Policy, which, as written documents, speaks for themselves.   Hartford further notes that the basis for Hartford's denial of coverage is detailed in written correspondence, which speaks for itself.  Hartford denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Hartford submits that Paragraph 13 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford admits that Plaintiffs purport to seek relief for breach of contract and declaratory judgment as against, *inter alia*, Hartford.  Hartford denies that it wrongfully denied coverage to Plaintiffs, that Hartford has breached its contract, or that Plaintiffs are entitled to any of the relief sought in the Complaint. Hartford further denies the remainder of the allegations contained in Paragraph 13 of the Complaint.

14.     Hartford submits that Paragraph 14 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 14 of the Complaint.  Hartford further submits that Paragraph 14 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford admits that the Primary Policy contains a pre-suit mediation requirement with a 60 day waiting period after the mediation before litigation can be

4651036

commenced.  Hartford further admits that the parties attended mediation on November 30 and December 1, 2017, and reached an impasse.  Hartford denies that it is not prejudiced by Plaintiffs' filing of the Complaint.  Hartford denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 14 of the Complaint.

## PARTIES

15.     Hartford submits that Paragraph 15 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 15 of the Complaint.  Hartford further submits that Paragraph 15 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint.

16.     Hartford submits that Paragraph 16 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 16 of the Complaint.  Hartford further submits that Paragraph 16 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, upon information and belief, Hartford admits the allegations in Paragraph 16 of the Complaint.

17.     Hartford submits that Paragraph 17 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 17 of the Complaint.  Hartford further submits that Paragraph 17 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, upon information and belief, Hartford admits that Plaintiff AGMS is a

4651036

Delaware corporation.  Hartford denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Hartford submits that Paragraph 18 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 18 of the Complaint.  Hartford further submits that Paragraph 18 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint.

19.     Hartford submits that Paragraph 19 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 19 of the Complaint.  Hartford further submits that Paragraph 19 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint.

20.     Hartford submits that Paragraph 20 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 20 of the Complaint.  Hartford further submits that Paragraph 20 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint.

21.     Hartford submits that Paragraph 21 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the

4651036

allegations in Paragraph 21 of the Complaint.  Hartford further submits that Paragraph 21 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint.

22.     Hartford submits that Paragraph 22 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 22 of the Complaint.  Hartford further submits that Paragraph 22 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint.

23.     Hartford admits that it is a Connecticut corporation with its principal place of business in Hartford, Connecticut.  Hartford further admits that it issued the Hartford Policy.  Hartford respectfully refers the Court to the Hartford Policy, which, as a written document, speaks for itself.  To the extent that a further response is required, Hartford denies the remaining allegations contained in Paragraph 23 of the Complaint

24.     Hartford submits that Paragraph 24 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 24 of the Complaint.  Hartford further submits that Paragraph 24 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint.

4651036

25.     Hartford submits that Paragraph 25 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 25 of the Complaint.  Hartford further submits that Paragraph 25 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint.

26.     Hartford submits that Paragraph 26 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 26 of the Complaint.  Hartford further submits that Paragraph 26 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint.

27.     Hartford submits that Paragraph 27 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 27 of the Complaint.  Hartford further submits that Paragraph 27 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint.

28.     Hartford submits that Paragraph 28 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 28 of the Complaint.  Hartford further submits that Paragraph 28 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a

4651036

response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint.

29.     Hartford submits that Paragraph 29 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 29 of the Complaint.  Hartford further submits that Paragraph 29 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint.

## JURISDICTION AND VENUE

30.     Hartford submits that Paragraph 30 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford admits that the United States District Court for the District of New Jersey has jurisdiction over Hartford and over the dispute concerning coverage for the Allergan Actions under the Hartford Policy. Hartford denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Hartford submits that Paragraph 31 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford admits that venue in the United States District Court for the District of New Jersey, in Trenton, New Jersey, is proper.

## FACTUAL BACKGROUND

32.     Hartford submits that Paragraph 32 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 32 of the Complaint.  Hartford further submits that Paragraph 32 of the

4651036

Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint.

33.     Hartford submits that Paragraph 33 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 33 of the Complaint.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint.

34.     Hartford submits that Paragraph 34 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 34 of the Complaint.  Hartford further submits that Paragraph 34 of the Complaint consists of legal conclusions to which no response is required.   To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint, except admits that it issued the Hartford Policy, which, as a written document, speaks for itself.

35.     Hartford submits that Paragraph 35 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford admits that Plaintiffs purport to seek coverage under the Hartford Policy, which is an independent insurance contract within the so-called "2013-14 Program."   Hartford further admits that it has no participation on the 2015-16 insurance program.  Hartford denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 35 of the Complaint.

4651036

36.     Hartford submits that Paragraph 36 of the Complaint consists of legal conclusions to which no response is required.  To the extent the allegations in this paragraph refer to written documents, those written documents speak for themselves.  To the extent a response is required, Hartford admits that it issued the Hartford Policy.  Hartford denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 36 of the Complaint.

37.     Hartford submits that Paragraph 37 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 37 of the Complaint.  To the extent the allegations in this paragraph refer to a written document, the written document speaks for itself.  Hartford further submits that Paragraph 37 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, upon information and belief, Hartford admits the allegations in Paragraph 37 of the Complaint.

38.     Hartford submits that Paragraph 38 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, upon information and belief, Hartford admits that it issued the Hartford Policy, an independent contract of insurance, and respectfully refers the Court to the Hartford Policy, which, as a written document, speaks for itself.  To the extent the allegations in this paragraph refer to other written documents, those written documents speak for themselves.  Hartford denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Hartford submits that Paragraph 39 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford admits the

4651036

allegations in Paragraph 39 to the extent that they are asserted against Hartford, and respectfully refers the Court to the Hartford Policy, which, as a written document, speaks for itself.  Hartford denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Hartford submits that Paragraph 40 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Complaint.

41.     Hartford submits that Paragraph 41 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Complaint.

42.     Hartford submits that Paragraph 42 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 42 of the Complaint.  Hartford further submits that Paragraph 42 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford admits that Plaintiffs purport to quote sections of the Primary Policy and respectfully refers the Court to the Primary Policy, which, as a written document, speaks for itself.

43.     Hartford submits that Paragraph 43 of the Complaint contains allegations that are not directed to Hartford and, therefore, Hartford is not required to respond to those allegations in Paragraph 43 of the Complaint.  Hartford further submits that Paragraph 43 of the Complaint

4651036

consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies the allegations contained in Paragraph 43 of the Complaint and respectfully refers the Court to the Hartford Policy, which, as a written document, speaks for itself.

44.     Hartford submits that Paragraph 44 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 44 of the Complaint.  Hartford further submits that Paragraph 44 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Complaint.

45.     Hartford submits that Paragraph 45 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 45 of the Complaint.  Hartford further submits that Paragraph 45 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 45 of the Complaint.

46.     Hartford submits that Paragraph 46 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 46 of the Complaint.  Hartford further submits that Paragraph 46 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Complaint.

4651036

47.     Hartford submits that Paragraph 47 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 47 of the Complaint.  Hartford further submits that Paragraph 47 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Complaint.

48.     Hartford submits that Paragraph 48 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 48 of the Complaint.  Hartford further submits that Paragraph 48 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Complaint.

49.     Hartford submits that Paragraph 49 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 49 of the Complaint.  Hartford further submits that Paragraph 49 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 49 of the Complaint.

50.     Hartford submits that Paragraph 50 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 50 of the Complaint.  Hartford further submits that Paragraph 50 of the Complaint consists of legal conclusions to which no response is required.  To the extent a

4651036

response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 50 of the Complaint.

51.     Hartford submits that Paragraph 51 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 51 of the Complaint.  Hartford further submits that Paragraph 51 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 51 of the Complaint.

52.     Hartford submits that Paragraph 52 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 52 of the Complaint.  Hartford further submits that Paragraph 52 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 52 of the Complaint.

53.     Hartford submits that Paragraph 53 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 53 of the Complaint.  Hartford further submits that Paragraph 53 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 53 of the Complaint.

54.     Hartford submits that Paragraph 54 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the

4651036

allegations in Paragraph 54 of the Complaint.  Hartford further submits that Paragraph 54 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 54 of the Complaint.

55.     Hartford submits that Paragraph 55 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 55 of the Complaint.  Hartford further submits that Paragraph 55 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Complaint.

56.     Hartford submits that Paragraph 56 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 56 of the Complaint.  Hartford further submits that Paragraph 56 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 56 of the Complaint.

57.     Hartford submits that Paragraph 57 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 57 of the Complaint.  Hartford further submits that Paragraph 57 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 57 of the Complaint.

4651036

58.     Hartford submits that Paragraph 58 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 58 of the Complaint and respectfully refers the Hartford Policy to the Court, which, as a written document, speaks for itself.

59.     Hartford denies the allegations contained in Paragraph 59 of the Complaint and respectfully refers the Primary Policy and the Hartford Policy to the Court, which, as written documents, speak for themselves.

60.     Hartford submits that Paragraph 60 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 60 of the Complaint.  To the extent a response is required, Hartford denies the allegations contained in Paragraph 60 of the Complaint and respectfully refers the Primary Policy and the Hartford Policy to the Court, which, as written documents, speak for themselves.

61.     Hartford submits that Paragraph 61 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 61 of the Complaint.  To the extent a response is required, Hartford denies the allegations contained in Paragraph 61 of the Complaint and respectfully refers the Primary Policy and the Hartford Policy to the Court, which, as written documents, speak for themselves.

62.     Hartford submits that Paragraph 62 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the

4651036

allegations in Paragraph 62 of the Complaint. To the extent a response is required, Hartford denies the allegations contained in Paragraph 62 of the Complaint and respectfully refers the Primary Policy and the Hartford Policy to the Court, which, as written documents, speak for themselves.

63. Hartford submits that Paragraph 63 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 63 of the Complaint and respectfully refers the Primary Policy and the Hartford Policy to the Court, which, as written documents, speak for themselves.

64. Hartford submits that Paragraph 64 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 64 of the Complaint and respectfully refers the Primary Policy and the Hartford Policy to the Court, which, as written documents, speak for themselves.

65. Hartford submits that Paragraph 65 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 65 of the Complaint and respectfully refers the Primary Policy and the Hartford Policy to the Court, which, as written documents, speak for themselves.

66. Hartford submits that Paragraph 66 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in

4651036

Paragraph 66 of the Complaint and respectfully refers the Primary Policy and the Hartford Policy to the Court, which, as written documents, speak for themselves.

67.     Hartford submits that Paragraph 67 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 67 of the Complaint and respectfully refers the Primary Policy and the Hartford Policy to the Court, which, as written documents, speak for themselves.

68.     Hartford submits that Paragraph 68 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Hartford denies that the Allergan Actions constitute Securities Claims under the Primary Policy or the Hartford Policy, or that Hartford is required to pay all "Loss" arising from the Allergan Actions. To the extent further response is required, Hartford denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 68 of the Complaint.

69.     Hartford submits that Paragraph 69 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 69 of the Complaint.

70.     Hartford submits that Paragraph 70 consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 70 of the Complaint and respectfully refers the Primary Policy and the Hartford Policy to the Court, which, as written documents, speak for themselves.

4651036

71.     Hartford submits that Paragraph 71 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 71 of the Complaint to the extent that they are asserted against Hartford, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 71 of the Complaint.

72.     Hartford submits that Paragraph 72 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 72 of the Complaint.  Hartford further submits that Paragraph 72 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford admits the allegations contained in Paragraph 72 of the Complaint.

73.     Hartford submits that Paragraph 73 of the Complaint consists of legal conclusions to which no response is required.  Hartford admits that the Allergan Actions represent a Claim first made within the Policy Period reflected in the Hartford Policy.  Hartford denies that the action referenced in Paragraph 73 is found at "Case No. 8:14-cv-0124 (C.D. Ca.)."  To the extent that a further response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 73 of the Complaint.

74.     Hartford submits that Paragraph 74 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 74 of the Complaint.  Hartford further submits that Paragraph 74 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 74 of the Complaint and respectfully refers the Court to

4651036

the operative complaints filed in the Allergan Actions, which, as written documents, speak for themselves.

75.     Hartford submits that Paragraph 75 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies that the Hartford Policy creates a contractual obligation to pay all "Loss" arising from the Allergan Actions. To the extent that a further response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 75 of the Complaint.

76.     Hartford submits that Paragraph 76 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 76 of the Complaint.  Hartford further submits that Paragraph 76 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 76 of the Complaint.

77.     Hartford submits that Paragraph 77 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 77 of the Complaint.  Hartford further submits that Paragraph 77 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 77 of the Complaint.

78.     Hartford submits that Paragraph 78 of the Complaint consists of legal conclusions to which no response is required.  Hartford admits it received notice of the Allergan Actions

4651036

under the Hartford Policy.  To the extent that a further response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 78 of the Complaint.

79.     Hartford submits that Paragraph 79 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 79 of the Complaint.  Hartford further submits that Paragraph 79 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 79 of the Complaint.

80.     Hartford submits that Paragraph 80 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 80 of the Complaint to the extent that they are asserted against Hartford.

81.     Hartford submits that Paragraph 81 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford admits that Hartford has denied coverage for the Allergan Actions on the basis that, *inter alia*, the Allergan Actions do not constitute "Securities Claim[s]" as defined in the Primary Policy.  To the extent that a further response is required, Hartford denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 81 of the Complaint.

82.     Hartford submits that Paragraph 82 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 82 of the Complaint to the extent that they are asserted

4651036

against Hartford. To the extent that a further response is required, Hartford denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 82 of the Complaint.

83.     Hartford submits that Paragraph 83 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 83 of the Complaint to the extent that they are asserted against Hartford except admits that Hartford has not been asked to, and has not, paid any "Defence Costs" incurred in connection with the Allergan Actions. To the extent that a further response is required, Hartford denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 83 of the Complaint.

84.     Hartford submits that Paragraph 84 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 84 to the extent that they are asserted against Hartford, and Hartford denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 84 of the Complaint.

85.     Hartford submits that Paragraph 85 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 85 to the extent that they are asserted against Hartford, and Hartford denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 85 of the Complaint.

86.     Hartford submits that Paragraph 86 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford admits that

4651036

the Primary Policy contains a pre-suit mediation requirement with a 60 day waiting period after the mediation before litigation can be commenced.

87.     Hartford admits that the parties attended mediation on November 30 and December 1, 2017, and reached an impasse.

88.     Hartford submits that Paragraph 88 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 88 of the Complaint.  Hartford further submits that Paragraph 88 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 88 of the Complaint.

89.     Hartford submits that Paragraph 89 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 89 of the Complaint.  Hartford further submits that Paragraph 89 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies that it is not prejudiced by Plaintiffs' filing of the Complaint.  Hartford denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 89 of the Complaint.

4651036

## FIRST COUNT
### (Declaratory Judgment on Defense Duties: By All Plaintiffs Against the 2013-14 Insurers

90.     Hartford repeats, re-alleges, and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 89 of the Complaint.

91.     Hartford submits that Paragraph 91 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 91 of the Complaint and respectfully refers the Primary Policy and Hartford Policy to the Court, which, as written documents, speak for themselves.

92.     Hartford submits that Paragraph 92 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies that the Allergan Actions constitute Securities Claims under the Hartford Policy.  To the extent that a further response is required, Hartford denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 92 of the Complaint.

93.     Hartford submits that Paragraph 93 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 93 of the Complaint.  Hartford further submits that Paragraph 93 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 93 of the Complaint.

94.     Hartford submits that Paragraph 94 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 94 to the extent that they are asserted against Hartford, and

Hartford denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 94 of the Complaint.

95.     Hartford submits that Paragraph 95 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 95 of the Complaint.

        **WHEREFORE**, Hartford demands judgment dismissing the Complaint with prejudice, and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

## SECOND COUNT
## (Declaratory Judgment on Defense Duties: By Valeant Against the 2015-16 Insurers

96.     Hartford repeats, re-alleges, and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 95 of the Complaint.

97.     Hartford submits that Paragraph 97 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 97 of the Complaint.  Hartford further submits that Paragraph 97 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 97 of the Complaint.

98.     Hartford submits that Paragraph 98 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 98 of the Complaint.  Hartford further submits that Paragraph 98 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a

4651036

response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 98 of the Complaint.

99.     Hartford submits that Paragraph 99 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 99 of the Complaint.  Hartford further submits that Paragraph 99 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 99 of the Complaint.

100.     Hartford submits that Paragraph 100 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 100 of the Complaint.  Hartford further submits that Paragraph 100 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 100 of the Complaint.

101.     Hartford submits that Paragraph 101 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 101 of the Complaint.  Hartford further submits that Paragraph 101 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 101 of the Complaint.

4651036

**WHEREFORE**, Hartford demands judgment dismissing the Complaint with prejudice, and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

**THIRD COUNT**
**(Declaratory Judgment on Defense Duties: By All Plaintiffs Against Lloyd's Syndicate AWH 2232 with respect to Lloyd's Syndicate AWH 2232's 2013-14 Policy**

102.    Hartford repeats, re-alleges, and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 101 of the Complaint.

103.    Hartford submits that Paragraph 103 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 103 of the Complaint.  Hartford further submits that Paragraph 103 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 103 of the Complaint.

104.    Hartford submits that Paragraph 104 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 104 of the Complaint.  Hartford further submits that Paragraph 104 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 104 of the Complaint.

105.    Hartford submits that Paragraph 105 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 105 of the Complaint.  Hartford further submits that Paragraph 105 of

4651036

the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 105 of the Complaint.

106.    Hartford submits that Paragraph 106 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 106 of the Complaint.  Hartford further submits that Paragraph 106 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 106 of the Complaint.

107.    Hartford submits that Paragraph 107 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 107 of the Complaint.  Hartford further submits that Paragraph 107 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 107 of the Complaint.

108.    Hartford submits that Paragraph 108 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 108 of the Complaint.  Hartford further submits that Paragraph 108 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 108 of the Complaint.

4651036

**WHEREFORE**, Hartford demands judgment dismissing the Complaint with prejudice, and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

### FOURTH COUNT
### (Declaratory Judgment on Defense Duties: By Valeant Against Lloyd's Syndicate AWH 2232 with respect to Lloyd's Syndicate AWH 2232's 2015-16 Policy

109.    Hartford repeats, re-alleges, and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 108 of the Complaint.

110.    Hartford submits that Paragraph 110 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 110 of the Complaint.  Hartford further submits that Paragraph 110 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 110 of the Complaint.

111.    Hartford submits that Paragraph 111 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 111 of the Complaint.  Hartford further submits that Paragraph 111 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 111 of the Complaint.

112.    Hartford submits that Paragraph 112 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 112 of the Complaint.  Hartford further submits that Paragraph 112 of

4651036

the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 112 of the Complaint.

113.    Hartford submits that Paragraph 113 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 113 of the Complaint.  Hartford further submits that Paragraph 113 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 113 of the Complaint.

114.    Hartford submits that Paragraph 114 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 114 of the Complaint.  Hartford further submits that Paragraph 114 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 114 of the Complaint.

115.    Hartford submits that Paragraph 115 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 115 of the Complaint.  Hartford further submits that Paragraph 115 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 115 of the Complaint.

4651036

**WHEREFORE**, Hartford demands judgment dismissing the Complaint with prejudice, and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

### FIFTH COUNT
### (Declaratory Judgment on Coverage: By All Plaintiffs Against the 2013-14 Insurers)

116.   Hartford repeats, re-alleges, and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 115 of the Complaint.

117.   Hartford submits that Paragraph 117 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 117 of the Complaint and respectfully refers the Primary Policy and Hartford Policy to the Court, which, as written documents, speak for themselves.

118.   Hartford submits that Paragraph 118 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies that the Allergan Actions constitute Securities Claims under the Hartford Policy.  To the extent that a further response is required, Hartford denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 118 of the Complaint.

119.   Hartford submits that Paragraph 119 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 119 to the extent that they are asserted against Hartford, and Hartford denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 119 of the Complaint.

4651036

120.    Hartford submits that Paragraph 120 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 120 of the Complaint.

**WHEREFORE**, Hartford demands judgment dismissing the Complaint with prejudice, and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

### SIXTH COUNT
### (Declaratory Judgment on Coverage: By Valeant Against the 2015-16 Insurers)

121.    Hartford repeats, re-alleges and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 120 of the Complaint.

122.    Hartford submits that Paragraph 122 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 122 of the Complaint.  Hartford further submits that Paragraph 122 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 122 of the Complaint.

123.    Hartford submits that Paragraph 123 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 123 of the Complaint.  Hartford further submits that Paragraph 123 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 123 of the Complaint.

4651036

124.    Hartford submits that Paragraph 124 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 124 of the Complaint.  Hartford further submits that Paragraph 124 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 124 of the Complaint.

125.    Hartford submits that Paragraph 125 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 125 of the Complaint.  Hartford further submits that Paragraph 125 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 125 of the Complaint.

**WHEREFORE**, Hartford demands judgment dismissing the Complaint with prejudice, and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

### SEVENTH COUNT
### (Breach of Contract: By All Plaintiffs Against the 2013-14 Insurers)

126.    Hartford repeats, re-alleges, and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 125 of the Complaint.

127.    Hartford submits that Paragraph 127 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford admits that it issued the Hartford Policy and respectfully refers the Hartford Policy to the Court, which, as a written document, speaks for itself.  Hartford denies knowledge or information

36

4651036

sufficient to form a belief as to the remaining allegations contained in Paragraph 127 of the Complaint.

128.    Hartford submits that Paragraph 128 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 128 to the extent that they are asserted against Hartford, and Hartford denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 128 of the Complaint.

129.    Hartford submits that Paragraph 129 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies that it has breached the Hartford Policy, and Hartford denies that the Allergan Actions constitute Securities Claims under the Hartford Policy.  To the extent that a further response is required, Hartford denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 118 of the Complaint.

**WHEREFORE**, Hartford demands judgment dismissing the Complaint with prejudice, and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

## EIGHTH COUNT
### (Breach of Contract: By Valeant Against the 2015-16 Insurers)

130.    Hartford repeats, re-alleges, and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 129 of the Complaint.

131.    Hartford submits that Paragraph 131 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 131 of the Complaint.  Hartford further submits that Paragraph 131 of

4651036

the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 131 of the Complaint.

132.   Hartford submits that Paragraph 132 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 132 of the Complaint.  Hartford further submits that Paragraph 132 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 132 of the Complaint.

133.   Hartford submits that Paragraph 133 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 133 of the Complaint.  Hartford further submits that Paragraph 133 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 133 of the Complaint.

**WHEREFORE**, Hartford demands judgment dismissing the Complaint with prejudice, and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

## NINTH COUNT
### (Attorneys' Fees: By All Plaintiffs Against All Insurers)

134.   Hartford repeats, re-alleges, and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 133 of the Complaint.

4651036

135.    Hartford submits that Paragraph 135 of the Complaint does not contain any allegations directed to Hartford and, therefore, Hartford is not required to respond to the allegations in Paragraph 135 of the Complaint.  Hartford further submits that Paragraph 135 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford admits that Plaintiffs purport to quote a portion of New Jersey Court Rule 4:42-9(a)(6), and Hartford respectfully refers all questions of law to the Court.

136.    Hartford submits that Paragraph 136 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford respectfully refers the Primary Policy and Hartford Policy to the Court, which, as written documents, speak for themselves. To the extent that a further response is required, Hartford denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 136 of the Complaint

137.    Hartford submits that Paragraph 137 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Hartford denies the allegations contained in Paragraph 137 of the Complaint.

**WHEREFORE**, Hartford demands judgment dismissing the Complaint with prejudice, and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

### <u>AFFIRMATIVE DEFENSES</u>

Hartford asserts the affirmative defenses set forth below.  By pleading these defenses Hartford does not intend to alter the burden of proof and/or burden of persuasion that otherwise exists with respect to any issue in this action.  All defenses are pled in the alternative and do not

4651036

constitute an admission of liability or an admission that Plaintiffs are entitled to any relief whatsoever.

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Hartford for which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the terms, conditions, endorsements, and exclusions of the Hartford Policy and the Primary Policy, and by application of law and principles of equity.  Hartford hereby expressly gives notice of, and reserves the right, to rely upon all terms, conditions, endorsements and exclusions of the Primary Policy and/or Hartford Policy to deny or limit coverage on additional or different grounds as discovery reveals.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Allergan Actions do not meet the definition of **Securities Claim**, as defined in the Primary Policy and, therefore, do not trigger Insuring Agreement 1.C.(1) of the Primary Policy.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the amounts sought as damages in the Allergan Actions do not constitute **Loss**, as defined in the Primary Policy.

40

4651036

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the amounts sought as damages in the Allergan Actions constitute disgorgement and/or restitution, and are uninsurable as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part to the extent that Plaintiffs seek coverage for the return of amounts to which Plaintiffs were not legally entitled or for which insurance coverage would violate public policy.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent it is determined that coverage for the Allergan Actions is available under the Hartford Policy, a proper allocation must be determined between **Loss** incurred by Insureds, and loss incurred by non-insureds under the Hartford Policy.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent it is determined that coverage for the Allergan Actions under the Hartford Policy is available pursuant to Insuring Agreement 1.B., by virtue of indemnification of Mr. Pearson, and to the extent such amounts are in excess of the underlying insurance, a proper allocation must be determined between **Loss** incurred by virtue of Plaintiffs' indemnification of Mr. Pearson, and loss not attributable to such indemnification.

4651036

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by Plaintiffs' breach of its duty of cooperation pursuant to Section 9.A.(3) of the Primary Policy.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part because Plaintiffs seek coverage for matters that are excluded from coverage pursuant to Exclusion 4.B.1 of the Primary Policy, as amended by Endorsement No. 42.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by Plaintiffs' failure to comply with Section 12.F(1) of the Primary Policy, as amended by Endorsement No. 38.

## TWELTH AFFIRMATIVE DEFENSE

The above-captioned action should be dismissed, in whole or in part, by virtue of Plaintiffs' improper joinder of the insurers on the 2013-14 Program with the insurers on the 2015-16 Program in the same litigation.

## THIRTEENTH AFFIRMATIVE DEFENSE

The above-captioned action should be dismissed, in whole or in part, by virtue of Plaintiffs' improper joinder of insurers on the 2013-14 Program potentially exposed to **Defense**

4651036

**Costs**, and insurers on the 2013-14 Program whose excess attachment point exceeds any actual or potential Defense Costs.

### FOURTEENTH AFFIRMATIVE DEFENSE

The above-captioned action should be dismissed, in whole or in part, because no actual case or controversy exists with respect to Hartford concerning Plaintiffs' claims for coverage under the 2015-16 insurance policies.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

The above-captioned action should be dismissed, in whole or in part, because no actual case or controversy exists with respect to Hartford concerning Plaintiffs' claim that the 2013-14 insurance policies provide coverage for **Defence Costs** outside of, and without reducing, the 2013-14 insurance policies' respective limits of liability.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by virtue of the statute of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Hartford is not liable for monetary obligations assumed or voluntarily paid by Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any damages that they may have sustained as a result of the matters alleged in the Complaint.

4651036

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part under the known loss, moral hazard, loss in progress and/or fortuity doctrines.

## TWENTIETH AFFIRMATIVE DEFENSE

The Superior Court of New Jersey is not the appropriate forum for this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs cannot establish damages flowing from Hartford's conduct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by the doctrines of estoppel, laches, release, waiver and/or unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by Plaintiffs' failure to satisfy conditions precedent to coverage under the Primary Policy and/or Hartford Policy.

## TWENTY-FOURTH AFFIRAMATIVE DEFENSE

Hartford did not breach any duties allegedly owed to Plaintiffs and/or any other party, including, but not limited to, any duties under common law, statute, contract, regulations, or otherwise.

4651036

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the Insurers of the Underlying Insurance have not paid or been held liable to pay the full amount of the Limits of Liability of the Underlying Insurance.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because amounts the Plaintiffs have voluntarily agreed to pay (including the putative settlement of the Allergan Actions) are unreasonable.

## TWENTY-SEVENTH AFFIRAMATIVE DEFENSE

Hartford reserves the right to amend this answer to assert additional defenses, as revealed or suggested by ongoing discovery and investigation.

WHEREFORE, Hartford respectfully requests that Plaintiffs' Complaint be dismissed with prejudice; that the Court enter judgment in favor of Hartford; that Hartford be awarded costs and attorneys' fees; and that Hartford be granted such other and further relief as the Court deems just and proper.

Dated: January 12, 2018

_____
Robert A. Benjamin
Patrick Stoltz
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, New York 10595
Telephone: 914.449.1000
Facsimile: 914.449.1100
rbenjamin@kbrlaw.com

*Attorneys for Hartford Fire Insurance Company*

45

4651036

KAUFMAN BORGEEST & RYAN LLP
Robert A. Benjamin
Patrick Stoltz
200 Summit Lake Drive
Valhalla, New York 10595
Telephone: 914.449.1000
Facsimile: 914.449.1100
rbenjamin@kbrlaw.com

*Attorneys for Hartford Fire Insurance Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------x

| | |
|---|---|
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC.; VALEANT PHARMACEUTICALS INTERNATIONAL; and AGMS, INC.     Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> AIG INSURANCE COMPANY OF CANADA; ACE INA INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; ARCH INSURANCE CANADA LTD; EVEREST INSURANCE COMPANY OF CANADA; HARTFORD FIRE INSURANCE COMPANY; IRONSHORE CANADA LTD; LIBERTY INTERNATIONAL UNDERWRITERS, a division of LIBERTY MUTUAL INSURANCE COMPNAY; and LIBERTY MUTUAL INSURANCE COMPANY; LLOYD'S UNDERWRITERS; LLOYD'S CONSORTIUM 9885 (a/k/a STARR FINANCIAL LINES CONSORTIUM 9885); LLOYD'S SYNDICATE ANV 1861; LLOYD'S SYNDICATE AMA 1200; LLOYD'S SYNDICATE ARGO 1200; LLOYD'S SYNDICATE AWH 2232; LLOYD'S SYNDICATE BRT 2987; LLOYD'S SYNDICATE CVS 1919; LLOYD'S SYNDICATE HCC 4141; LLOYD'S SYNDICATE MITSUI 3210; | Civil Action. No: 3:18-CV-000493 <br><br> **HARTFORD FIRE INSURANCE COMPANY COUNTERCLAIM** |

4643785

LLOYD'S SYNDICATE MIT 3210; LLOYD'S           :
SYNDICATE NAV 1221; LLOYD'S                   :
SYNDICATE QBE 1886; LLOYD'S                   :
SYNDICATE SJC 2003; ROYAL & SUN               :
ALLIANCE INSUANCE COMPANY OF                  :
CANADA; TEMPLE INSURANCE COMPANY              :
and XL INSURANCE COMPANY SE.,                 :
                                              :
              Defendants.                     :
--------------------------------------------------------------x

Hartford Fire Insurance Company ("Hartford") by and through its undersigned attorneys brings this Counterclaim against Valeant Pharmaceuticals International, Inc. ("Valeant CA"), Valeant Pharmaceuticals International ("Valeant US"), and AGMS, Inc. ("AGMS") (Valeant CA, Valeant US, and AGMS, collectively the "Valeant Parties").

1.     Upon personal knowledge of its own acts and status, and upon information and belief, Hartford alleges as follows:

## NATURE OF THE ACTION

2.     This counterclaim concerns an actual case and controversy between Hartford, on one hand, and Valeant CA, Valeant US, and AGMS, on the other hand, regarding a contract of professional liability insurance between Hartford and the Valeant Parties.

## PARTIES, JURISDICTION, AND VENUE

3.     Hartford is a Connecticut corporation with its principal place of business in Hartford, Connecticut.  Hartford is a New Jersey Admitted Insurance Company and a Licensed Insurance Carrier by State of New Jersey Department of Banking and Finance.

4.      Valeant CA is a Canadian corporation with its principal place of business in Laval, Quebec.

5.      Valeant US is a Delaware corporation with its principal place of business in Bridgewater, New Jersey.  Valeant US is a subsidiary of Valeant CA.

6.      AGMS is a Delaware corporation and a wholly owned subsidiary of Valeant CA.

7.      This Court has personal jurisdiction over the Valeant Parties because the Valeant Parties initiated legal action against Hartford before this Court, and the Valeant Parties have minimum contacts with New Jersey.

8.      Venue is proper in this District, because Valeant US resides in this venue.

## INSURANCE POLICY ALLEGATIONS

9.      Hartford issued its policy number DA 0271573-13 to Valeant CA, reflecting a claims made policy period of September 28, 2013 to September 28, 2014 (the "Hartford Policy").

10.      The Hartford Policy is an excess policy, and reflects a $10,000,000 aggregate limit of liability, in excess of $40,000,000 in underlying insurance and a $5,000,000 self-insured retention.

11.      As excess insurance, among other provisions, the Hartford Policy provides, "This policy provides excess coverage only.  It is a condition of this policy that the Underlying Insurance shall be maintained in full effect during the term of this policy, except for any reduction or exhaustion of the aggregate limits contained therein by reason of payment of loss" and that Hartford "shall be liable hereunder only after the Insurers of

the Underlying Insurance . . . shall have paid or have been held liable to pay the full amount of the limits of liability of the Underlying Insurance."

12.     The Hartford Policy further provides, "Except as otherwise provided in the Declarations or by any endorsement attached hereto, this policy is subject to the same insuring clauses, definitions, terms and conditions, exclusions, cancellation provisions and all other provisions of the Underlying Insurance.  This policy shall not provide coverage broader than that provided by any Underlying Insurance. . ."

13.     The underlying insurance consists of: (a) policy number 01-421-57-69 issued by AIG Insurance Company of America, reflecting a $10,000,000 limit of liability and a $5,000,000 self-insured retention (the "Primary Policy"); (b) policy number B0509QB078513 issued by Lloyd's of London Syndicate – AWAC (AWH 2232), reflecting a $10,000,000 limit of liability; (c) policy number FPL 7223891 issued by Allianz Global Risks US Insurance Company, reflecting a $10,000,000 limit of liability; and (d) policy number B0509QB078613 issued by Lloyd's of London Syndicate – CV Starr (CVS1919), reflecting a $10,000,000 limit of liability.

14.     The threshold for coverage pursuant to Insuring Agreement 1.C. of the Primary Policy is "**Loss** of any **Organization** . . . arising from any **Securities Claim** . . . made against such **Organization** for any **Wrongful Act** of such **Organization**."[1]

15.     The Primary Policy defines **Organization** to include Valeant CA and any **Subsidiary**, as separately defined.

16.     **Securities Claim** is defined at Endorsement 21 of the Primary Policy as:

---

[1] Bold capitalized terms, not otherwise defined herein, are intended to retain the definitions found in the Primary Policy and the Hartford Policy.

a **Claim**, other than an administrative or regulatory proceeding against, or investigation of an **Organization**, made against any **Insured**:

(1) alleging a violation of any law, rule or regulation, whether statutory or common law (including but not limited to the purchase or sale or offer or solicitation of an offer to purchase or sell securities), which is:

    (a) brought by any person or entity alleging, arising out of, based upon or attributable to the purchase or sale or offer or solicitation of an offer to purchase or sell any securities of an **Organization**; or

    (b) brought by a security holder or purchaser or seller of securities of an **Organization** with respect to such security holder's, purchaser's or seller's interest in securities of an **Organization**; or

(2) which is a derivative suit.

Notwithstanding the foregoing, the term "**Securities Claim**" shall:

(1) include in an administrative or regulatory proceeding against an **Organization** that meets the requirements of subparagraph (1) above, but only if and only during the time that such proceeding is also commenced and continuously maintained against an **Insured Person**; and

(2) not include any **Claim** brought by any **Executive** or **Employee** of an **Organization** alleging, arising out of, based upon or attributable to the loss of, or failure to receive or obtain, the benefit of stock, stock warrants, stock options or other securities of an **Organization**.

17.    **Loss** is defined in the Primary Policy to expressly exclude:

(3) punitive or exemplary damages; (4) the multiplied portion of multiplied damages; . . . (6) any amount for which an **Insured** is not financially liable or which are without legal recourse to an **Insured**; and (7) matters which may be deemed uninsurable under the law pursuant to which this policy shall be construed.

18.    The Primary Policy provides, at Clause 9.D., in relevant portion:

the **Insurer** has no obligation under this policy for defence or other costs incurred by, judgments against or settlements by an **Organization** arising out of a **Claim** made against an **Organization** except as respects coverage for a **Securities Claim** . . . or nay obligation to pay loss arising out of any legal liability that an **Organization** has to a claimant, except as respects a covered **Securities Claim**.

19.     Clause 9.D. of the Primary Policy further provides, in relevant portion, that:

> With respect to: (i) **Defence Costs** jointly incurred by; (ii) any joint settlement entered into by; and/or (iii) any judgment of joint and several liability against any **Organization** and any **Insured Person** in connection with any **Claim** other than a **Securities Claim**. . ., such **Organization** and such **Insured Person** and the **Insurer** agree to use their best efforts to determine a fair and proper allocation of the amounts as between such **Organization**, such **Insured Person** and the **Insurer**, taking into account the relative legal and financial exposures, and the relative benefits obtained by such Insured person and such Organization.

## UNDERLYING LITIGATION

20.     On or about August 1, 2014, certain of the Valeant Parties were named as defendants in an action captioned *Allergan, Inc. et al v. Valeant Pharmaceuticals International, Inc. et al.*, Case No. 8:14-cv-01214 (C.D. Ca.) (the "First Allergan Action").

21.     On or about December 16, 2014, certain of the Valeant Parties were named as defendants in an action originally captioned *Anthony Basile, et al. v. Valeant Pharmaceuticals, Inc. et al.*, Case No. 2:14-cv-02004 (C.D. Ca.), and later modified to *In re Allergan, Inc. Proxy Violation Securities Litigation*, Case No. 8:14-cv-2004 (C.D. Ca.) (the "Allergan Action").

22.     On or about June 28, 2017, certain of the Valeant Parties were named as defendants in a case related to the Allergan Action, captioned *Timber Hill LLC v. Pershing Square Capital Management, LP, et al.*, Case No. 2:17-cv-04776 (C.D. Ca.) (the "Timber Hill Action").

23.     The First Allergan Action, the Allergan Action and the Timber Hill Action (collectively, the "Underlying Claims") each arise out of a proposed transaction involving Allergan, Inc., the Valeant Parties, and Pershing Square Capital Management LP.

24.     The Valeant Parties tendered the Underlying Claims for coverage under the Hartford Policy.

25.     Hartford has denied coverage to the Valeant Parties for the Underlying Claims under the Hartford Policy.

26.     Hartford has not denied coverage, and has reserved its rights, for the Underlying Claims under the Hartford Policy with respect to the separate request for coverage by Mr. Pearson, who is a defendant in certain of the Underlying Claims.

## FIRST CAUSE OF ACTION

### Declaration that the Underlying Claims Fail to Satisfy
### the Insuring Agreement of the Primary Policy

27.     Hartford realleges and restates each of the preceding paragraphs as if fully set forth herein.

28.     A condition precedent to any possibility of coverage under the Primary Policy or the Hartford Policy is satisfaction of the Insuring Agreement of the Primary Policy.

29.     Excepting potential indemnification obligations with respect to Mr. Pearson, the relevant Insuring Agreement of the Primary Policy with respect to the request for coverage by the Valeant Parties for the Underlying Claims is solely Insuring Agreement 1.C.(1) of the Primary Policy.

30.     Insuring Agreement 1.C.(1) of the Primary Policy requires a **Securities Claim** against the Valeant Parties.

31.     The Underlying Claims do not meet the definition of **Securities Claim**, as defined in the Primary Policy.

32.     Accordingly, Hartford seeks a declaration that Hartford does not owe any obligations under the Hartford Policy for the Underlying Claims, because the Underlying Claims do not meet the definition of **Securities Claim**, and therefore do not satisfy Insuring Agreement 1.C.(1) of the Primary Policy.

## SECOND CAUSE OF ACTION

**Declaration that the Underlying Claims do not seek the payment of Loss**

33.     Hartford realleges and restates each of the preceding paragraphs as if fully set forth herein.

34.     Insuring Agreements 1.B. (indemnification of Insured Persons) and 1.C. (Organization Coverage) of the Primary Policy are limited to the obligation to pay **Loss**, a defined term.

35.     **Loss** is defined in the Primary Policy to expressly exclude:

> (3) punitive or exemplary damages; (4) the multiplied portion of multiplied damages; . . . (6) any amount for which an **Insured** is not financially liable or which are without legal recourse to an **Insured**; and (7) matters which may be deemed uninsurable under the law pursuant to which this policy shall be construed.

36.     Plaintiffs in the Underlying Claims seek to recover damages because the Valeant Parties allegedly withheld information and improperly traded on that information. Plaintiffs seek disgorgement of amounts wrongfully realized by the Valeant

Parties and restitution of losses realized by Plaintiffs as a result of the Valeant Parties withholding of information.

37.     The amounts sought by Plaintiffs in the Underlying Claims constitute disgorgement and/or restitution, and are uninsurable.

38.     Accordingly, Hartford seeks a declaration that amounts sought as damages in the Underlying Claims do not constitute **Loss**, as defined in the Primary Policy.

## <u>THIRD CAUSE OF ACTION</u>

**In the Alternative, Allocation Between the Valeant Parties and Pershing Square Capital Management LP (and Their Related Non-Insured Parties) of Uncovered loss and Covered Loss Arising from the Underlying Claims**

39.     Hartford realleges and restates each of the preceding paragraphs as if fully set forth herein.

40.     Certain of the Underlying Claims (in particular, the Allergan Action and the Timber Hill Action) are brought against **Insureds**, such as the Valeant Parties, and non-insureds, such as Pershing Square Capital Management LP.

41.     The Primary Policy, at Clause 9.D. requires an allocation of any amounts jointly incurred between covered **Loss** and non-covered loss, "taking into account the relative legal and financial exposures, and the relative benefits obtained."

42.     To the extent it is determined that coverage under the Hartford Policy is available to the Valeant Parties for the Underlying Claims, a proper allocation must be determined between **Loss** incurred by **Insureds**, and loss incurred by non-insureds.

43.     Accordingly, Hartford seeks, in the alternative event there is a determination of coverage, an allocation of amounts jointly incurred by **Insureds** and non-insureds.

## FOURTH CAUSE OF ACTION

**In the Alternative, Allocation Between the Valeant Parties and Mr. Pearson of Uncovered loss and Covered Loss Arising from the Underlying Claims**

44.     Hartford realleges and restates each of the preceding paragraphs as if fully set forth herein.

45.     Certain of the Underlying Claims (in particular, the Allergan Action and the Timber Hill Action) are brought against the Valeant Parties and Mr. Pearson.

46.     To the extent the Valeant Parties are indemnifying Mr. Pearson, coverage for **Loss** solely associated the Valeant Parties indemnification of Mr. Pearson would exist, if at all, pursuant to Insuring Agreement 1.B. of the Primary Policy.

47.     Insuring Agreement 1.B. of the Primary Policy, unlike Insuring Agreement 1.C., extends to other **Claims**, not only a **Securities Claim**.

48.     The Primary Policy, at Clause 9.D. requires an allocation of any amounts jointly incurred between covered **Loss** and non-covered loss, "taking into account the relative legal and financial exposures, and the relative benefits obtained."

49.     To the extent it is determined that coverage under the Hartford Policy is available to the Valeant Parties pursuant to Insuring Agreement 1.B., by virtue of indemnification of Mr. Pearson, and to the extent such amounts are in excess of the underlying insurance, a proper allocation must be determined between **Loss** incurred by

virtue of the Valeant Parties' indemnification of Mr. Pearson, and loss not attributable to such indemnification.

50.     Accordingly, Hartford seeks, in the alternative event there is a determination of coverage, an allocation of amounts directly incurred by the Valeant Parties and indirectly through the Valeant Parties indemnification of Mr. Pearson.

## PRAYER FOR RELIEF

WHEREFORE, Hartford requests that this Court enter a declaration and final judgment in its favor:

(A)     Declaring that, for the reasons set forth in the First Cause of Action, the Hartford Policy does not provide coverage for the Underlying Claims;

(B)     Declaring that, for the reasons set forth in the Second Cause of Action, the Hartford Policy does not provide coverage for the Underlying Claims;

(C)     In the Alternative, for the reasons set forth in the Third Cause of Action, determining an allocation of **Loss** and loss between the Valeant Parties and non-insured parties;

(D)     In the Alternative, for the reasons set forth in the Fourth Cause of Action, determining an allocation amounts directly incurred by the Valeant Parties and indirectly incurred by the Valeant Parties through indemnification of Mr. Pearson;

(E)     Awarding Hartford such other and additional relief as shall be found to be reasonable; and

(F)     Awarding Hartford its fees and costs incurred in prosecuting this action.

Dated: January 12, 2018

_____
Robert A. Benjamin
Patrick Stoltz
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, New York 10595
Telephone: 914.449.1000
Facsimile: 914.449.1100
rbenjamin@kbrlaw.com

*Attorneys for Hartford Fire Insurance Company*

4643785