## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC.; VALEANT PHARMACEUTICALS INTERNATIONAL; and AGMS, INC., | Civil Action No.: 3:18-cv-00493-MAS-LHG |
| Plaintiffs, | |
| v. | **LLOYD'S SYNDICATE SJC 2003'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL** |
| AIG INSURANCE COMPANY OF CANADA; ACE INA INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; ARCH INSURANCE CANADA LTD; EVEREST INSURANCE COMPANY OF CANADA; HARTFORD FIRE INSURANCE COMPANY; IRONSHORE CANADA LTD.; LIBERTY INTERNATONAL UNDERWRITERS; a division of LIBERTY MUTUAL INSURANCE COMPANY; and LIBERTY MUTUAL INSURANCE COMPANY; LLOYD'S UNDERWRITERS; LLOYD'S CONSORTIUM 9885 (a/k/a STARR FINANCIAL LINES CONSORTIUM 9885); LLOYD'S SYNDICATE ANV 1861; LLOYD'S SYNDICATE AMA 1200; LLOYD'S SYNDICATE ARGO 1200; LLOYD'S SYNDICATE AWH 2232; LLOYD'S SYNDICATE BRT 2987; LLOYD'S SYNDICATE CVS 1919; LLOYD'S SYNDICATE HCC 4141; LLOYD'S SYNDICATE MITSUI 3210; LLOYD'S SYDNICATE MIT 3210;  LLOYD'S SYNDICATE NAV 1221; LLOYD'S SYNDICATE QBE 1886; LLOYD'S SYNDICATE SJC 2003; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; TEMPLE INSURANCE COMPANY; and XL INSURANCE COMPANY SE., | |
| Defendants. | |

Defendant Lloyd's Syndicate SJC 2003 ("SJC 2003"), by and through its undersigned attorneys, Skarzynski Black LLC, hereby responds to the Complaint (the "Complaint") filed by Plaintiffs Valeant Pharmaceuticals International, Inc., Valeant Pharmaceuticals International, and AGMS, Inc. (collectively, "Plaintiffs"), and states as follows:

## INTRODUCTION

1.       SJC 2003 submits that Paragraph 1 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 admits only that Plaintiffs purport to seek relief for breach of contract and declaratory judgment and that SJC 2003 issued Excess Insurance Policy Number DA B0509FINMW1500938 to Valeant Pharmaceuticals International, Inc., reflecting a September 28, 2015 to September 28, 2016 Policy Period (the "SJC 2003 Policy").  SJC 2003 denies that it breached any duty owed to Plaintiffs or that it wrongfully denied coverage to Plaintiffs.  SJC 2003 further denies that Plaintiffs are entitled to any of the relief sought in the Complaint.  SJC 2003 further denies the remainder of the allegations contained in Paragraph 1 of the Complaint.

2.       SJC 2003 submits that Paragraph 2 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 2 of the Complaint.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint.

3.       SJC 2003 submits that Paragraph 3 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 3 of the Complaint.  SJC 2003 further submits that Paragraph 3 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a

2

response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint.

4.      SJC 2003 submits that Paragraph 4 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 admits only that it issued the SJC 2003 Policy, and that "Securities Claim" and "Claim" are defined terms in policy number 01-714-68-05 issued by AIG Insurance Company of Canada (the "Primary Policy").  SJC 2003 respectfully refers the Court to the Primary Policy and the SJC 2003 Policy, which, as written documents, speak for themselves.  SJC 2003 denies the remaining allegations contained in Paragraph 4 of the Complaint to the extent that they are asserted against SJC 2003, and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of the Complaint.

5.      SJC 2003 submits that Paragraph 5 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 5 of the Complaint.  SJC 2003 further submits that Paragraph 5 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

6.      SJC 2003 submits that Paragraph 6 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 6 of the Complaint.  SJC 2003 further submits that Paragraph 6 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies the allegations contained in Paragraph 6 of the Complaint to the extent that they are asserted against SJC 2003, and otherwise denies knowledge

or information sufficient to form a belief as to the remaining allegations contained in Paragraph 6 of the Complaint.

7.      SJC 2003 submits that Paragraph 7 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 7 of the Complaint.  SJC 2003 further submits that Paragraph 7 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint.

8.      SJC 2003 submits that Paragraph 8 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 admits only that Plaintiffs purport to seek coverage under the SJC 2003 Policy for certain lawsuits, the allegations of which are set forth in the operative complaints filed in those actions, which speak for themselves.  SJC 2003 denies the remaining allegations of Paragraph 8 to the extent that they are asserted against SJC 2003, and denies knowledge or information sufficient to form a belief as those allegations contained in Paragraph 8 of the Complaint that are not directed to SJC 2003.

9.      SJC 2003 submits that Paragraph 9 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 admits only that Valeant sought coverage under the SJC 2003 Policy for certain claims and lawsuits.  SJC 2003 denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 9.

10.     SJC 2003 submits that Paragraph 10 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies the allegations contained in Paragraph 10 of the Complaint to the extent that

4

they are asserted against SJC 2003, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 10 of the Complaint.

11.    SJC 2003 submits that Paragraph 11 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies the allegations contained in Paragraph 11 of the Complaint to the extent that they are asserted against SJC 2003, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 11 of the Complaint.

12.    SJC 2003 submits that Paragraph 12 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 12 of the Complaint.  SJC 2003 further submits that Paragraph 12 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint.

13.    SJC 2003 submits that Paragraph 13 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 admits only that Plaintiffs purport to seek relief for breach of contract, declaratory judgment, and attorneys' fees as against, *inter alia*, SJC 2003.  SJC 2003 denies that it wrongfully denied coverage to Plaintiffs, that SJC 2003 has breached its contract, or that Plaintiffs are entitled to any of the relief sought in the Complaint.  SJC 2003 further denies the remainder of the allegations contained in Paragraph 13 of the Complaint to the extent they are asserted against SJC 2003, and denies knowledge or information sufficient to form a belief as those allegations contained in Paragraph 13 of the Complaint that are not directed to SJC 2003.

14.     SJC 2003 submits that Paragraph 14 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, SJC 2003 admits only that the SJC 2003 policy contains a pre-suit mediation requirement with a 120-day waiting period after the mediation before litigation can be commenced and that the parties attended mediation on November 30 and December 1, 2017, which did not achieve a resolution. SJC 2003 denies the remainder of the allegations contained in Paragraph 14 of the Complaint to the extent they are asserted against SJC 2003, and denies knowledge or information sufficient to form a belief as those allegations contained in Paragraph 14 of the Complaint that are not directed to SJC 2003.

## PARTIES

15.     SJC 2003 submits that Paragraph 15 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 15 of the Complaint.  SJC 2003 further submits that Paragraph 15 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint.

16.     SJC 2003 submits that Paragraph 16 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 16 of the Complaint.  SJC 2003 further submits that Paragraph 16 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint.

17.     SJC 2003 submits that Paragraph 17 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 17 of the Complaint.  SJC 2003 further submits that Paragraph 17 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint.

18.     SJC 2003 submits that Paragraph 18 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 18 of the Complaint.  SJC 2003 further submits that Paragraph 18 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint.

19.     SJC 2003 submits that Paragraph 19 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 19 of the Complaint.  SJC 2003 further submits that Paragraph 19 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint.

20.     SJC 2003 submits that Paragraph 20 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 20 of the Complaint.  SJC 2003 further submits that Paragraph 20 of the Complaint consists of legal conclusions to which no response is required.  To the extent

that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint.

21.     SJC 2003 submits that Paragraph 21 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 21 of the Complaint.  SJC 2003 further submits that Paragraph 21 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint.

22.     SJC 2003 submits that Paragraph 22 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 22 of the Complaint.  SJC 2003 further submits that Paragraph 22 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint.

23.     SJC 2003 submits that Paragraph 23 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 23 of the Complaint.  SJC 2003 further submits that Paragraph 23 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint.

24.     SJC 2003 submits that Paragraph 24 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 24 of the Complaint.  SJC 2003 further submits that Paragraph 24 of

the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint.

25.    SJC 2003 submits that Paragraph 25 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 25 of the Complaint.  SJC 2003 further submits that Paragraph 25 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint.

26.    SJC 2003 submits that Paragraph 26 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 26 of the Complaint.  SJC 2003 further submits that Paragraph 26 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint.

27.    SJC 2003 submits that Paragraph 27 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 27 of the Complaint.  SJC 2003 further submits that Paragraph 27 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint.

28.    SJC 2003 submits that Paragraph 28 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the

allegations in Paragraph 28 of the Complaint.  SJC 2003 further submits that Paragraph 28 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint.

29.     SJC 2003 submits that Paragraph 29 of the Complaint consists of legal conclusions to which no response is required.  SJC 2003 further submits that it issued the SJC 2003 Policy, which speaks for itself.  SJC 2003 further submits that it is a syndicate that operates through the Lloyd's of London marketplace in London, England, whose members have citizenship diverse from Plaintiffs, and is managed by Catlin Underwriting Agencies Limited, which is incorporated and has its principal place of business in the United Kingdom.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 29 of the Complaint.

## JURISDICTION AND VENUE

30.     SJC 2003 submits that Paragraph 30 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 admits only that the United States District Court for the District of New Jersey has jurisdiction over SJC 2003 with respect to the dispute concerning coverage under the SJC 2003 Policy.  SJC 2003 denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.     SJC 2003 submits that Paragraph 31 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 admits only that venue in the United States District Court for the District of New Jersey, in Trenton, New Jersey, is proper.

## FACTUAL BACKGROUND

32.     SJC 2003 submits that Paragraph 32 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 32 of the Complaint.  SJC 2003 further submits that Paragraph 32 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint.

33.     SJC 2003 submits that Paragraph 33 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 33 of the Complaint.  SJC 2003 further submits that Paragraph 33 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint.

34.     SJC 2003 submits that Paragraph 34 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 34 of the Complaint.  SJC 2003 further submits that Paragraph 34 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint, except admits only that it issued the SJC 2003 Policy, which, as a written document, speaks for itself.

35.     SJC 2003 submits that it issued the SJC 2003 Policy, which is an independent insurance contract within the so-called "2015-16 Program."  SJC 2003 further submits that it has

no participation on the "2013-14 Program."  SJC 2003 denies knowledge or information
sufficient to form a belief as to the remaining allegations of Paragraph 35.

      36.     SJC 2003 submits that Paragraph 36 of the Complaint does not contain any
allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the
allegations in Paragraph 36 of the Complaint.  SJC 2003 further submits that Paragraph 36 of the
Complaint consists of legal conclusions to which no response is required.  To the extent that a
response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to
the allegations contained in Paragraph 36 of the Complaint.

      37.     SJC 2003 submits that Paragraph 37 of the Complaint does not contain any
allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the
allegations in Paragraph 37 of the Complaint.  SJC 2003 further submits that Paragraph 37 of the
Complaint consists of legal conclusions to which no response is required.  To the extent that a
response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to
the allegations contained in Paragraph 37 of the Complaint.

      38.     SJC 2003 submits that Paragraph 38 of the Complaint does not contain any
allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the
allegations in Paragraph 38 of the Complaint.  SJC 2003 further submits that Paragraph 38 of the
Complaint consists of legal conclusions to which no response is required.  To the extent that a
response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to
the allegations contained in Paragraph 38 of the Complaint.

      39.     SJC 2003 submits that Paragraph 39 of the Complaint does not contain any
allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the
allegations in Paragraph 39 of the Complaint.  SJC 2003 further submits that Paragraph 39 of the

Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Complaint.

40.     SJC 2003 submits that Paragraph 40 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 40 of the Complaint.  SJC 2003 further submits that Paragraph 40 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Complaint.

41.     SJC 2003 submits that Paragraph 41 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 41 of the Complaint.  SJC 2003 further submits that Paragraph 41 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Complaint.

42.     SJC 2003 submits that Paragraph 42 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 42 of the Complaint.  SJC 2003 further submits that Paragraph 42 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Complaint.

43.     SJC 2003 submits that Paragraph 43 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the

allegations in Paragraph 43 of the Complaint.  SJC 2003 further submits that Paragraph 43 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Complaint.

44.     SJC 2003 submits that Paragraph 44 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 44 of the Complaint.  SJC 2003 further submits that Paragraph 44 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Complaint.

45.     SJC 2003 submits that Paragraph 45 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 45 of the Complaint.  SJC 2003 further submits that Paragraph 45 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of the Complaint.

46.     SJC 2003 submits that Paragraph 46 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 46 of the Complaint.  SJC 2003 further submits that Paragraph 46 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Complaint.

47.     To the extent the allegations in this paragraph refer to written documents, those written documents speak for themselves.  To the extent that a response is required, SJC 2003 admits only that it issued the SJC 2003 Policy, which speaks for itself.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 47 of the Complaint.

48.     SJC 2003 submits that Paragraph 48 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 48 of the Complaint.  To the extent the allegations in this paragraph refer to a written document, the written document speaks for itself.  To the extent a response is required, SJC 2003 denies the allegations to the extent that they are inconsistent with the terms of the Primary Policy.

49.     SJC 2003 admits only that it issued the SJC 2003 Policy, an independent contract of insurance, and respectfully refers the Court to the SJC 2003 Policy, which, as a written document, speaks for itself.  To the extent the allegations in this paragraph refer to other written documents, those written documents speak for themselves.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 49 of the Complaint.

50.     SJC 2003 submits that Paragraph 50 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 admits only that it issued the SJC 2003 Policy, an independent contract of insurance, and respectfully refers the Court to the SJC 2003 Policy, which, as a written document, speaks for itself.  To the extent the allegations in this paragraph refer to other written documents, those

written documents speak for themselves.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 50 of the Complaint.

51.    SJC 2003 submits that Paragraph 51 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 51 of the Complaint.

52.    SJC 2003 submits that Paragraph 52 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 denies the SJC 2003 Policy was issued in Quebec.  SJC 2003 otherwise denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 52 of the Complaint.

53.    SJC 2003 submits that Paragraph 53 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 53 of the Complaint.  SJC 2003 further submits that Paragraph 53 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 admits only that Plaintiffs purport to quote sections of the Primary Policy and respectfully refers the Court to the Primary Policy, which, as a written document, speaks for itself.

54.    SJC 2003 submits that Paragraph 54 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 admits only that it issued the SJC 2003 Policy, an independent contract of insurance, and respectfully refers the Court to the SJC 2003 Policy, which, as a written document, speaks for itself.  To the extent the allegations in this paragraph refer to other written documents, those

16

written documents speak for themselves.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 54 of the Complaint.

55.     SJC 2003 submits that Paragraph 55 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 admits only that it issued the SJC 2003 Policy, an independent contract of insurance, and respectfully refers the Court to the SJC 2003 Policy, which, as a written document, speaks for itself.  To the extent the allegations in this paragraph refer to other written documents, those written documents speak for themselves.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 55 of the Complaint.

56.     SJC 2003 submits that Paragraph 56 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 56 of the Complaint.  SJC 2003 further submits that Paragraph 56 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 56 of the Complaint.

57.     SJC 2003 submits that Paragraph 57 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 57 of the Complaint.  SJC 2003 further submits that Paragraph 57 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 57 of the Complaint.

58.     SJC 2003 submits that Paragraph 58 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003

admits only that it issued the SJC 2003 Policy, an independent contract of insurance, and respectfully refers the Court to the SJC 2003 Policy, which, as a written document, speaks for itself.  To the extent the allegations in this paragraph refer to other written documents, those written documents speak for themselves.  SJC 2003 otherwise denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 58 of the Complaint and respectfully refers the SJC 2003 Policy and the Primary Policy to the Court.

59.     SJC 2003 only admits that it issued the SJC 2003 Policy, which speaks for itself. SJC 2003 denies the allegations of Paragraph 59 to the extent they are directed at SJC 2003 and are inconsistent with the terms and conditions of the SJC 2003 Policy and/or the Primary Policy. SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 59.

60.     SJC 2003 only admits that it issued the SJC 2003 Policy, which speaks for itself. SJC 2003 denies the allegations of Paragraph 60 to the extent they are directed at SJC 2003 and are inconsistent with the terms and conditions of the SJC 2003 Policy and/or the Primary Policy. SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 60.

61.     SJC 2003 only admits that it issued the SJC 2003 Policy, which speaks for itself. SJC 2003 denies the allegations of Paragraph 61 to the extent they are directed at SJC 2003 and are inconsistent with the terms and conditions of the SJC 2003 Policy and/or the Primary Policy. SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 61.

62.     SJC 2003 only admits that it issued the SJC 2003 Policy, which speaks for itself. SJC 2003 denies the allegations of Paragraph 62 to the extent they are directed at SJC 2003 and

are inconsistent with the terms and conditions of the SJC 2003 Policy and/or the Primary Policy. SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 62.

63.    SJC 2003 only admits that it issued the SJC 2003 Policy, which speaks for itself. SJC 2003 denies the allegations of Paragraph 63 to the extent they are directed at SJC 2003 and are inconsistent with the terms and conditions of the SJC 2003 Policy and/or the Primary Policy. SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 63.

64.    SJC 2003 only admits that it issued the SJC 2003 Policy, which speaks for itself. SJC 2003 denies the allegations of Paragraph 64 to the extent they are directed at SJC 2003 and are inconsistent with the terms and conditions of the SJC 2003 Policy and/or the Primary Policy. SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 64.

65.    SJC 2003 only admits that it issued the SJC 2003 Policy, which speaks for itself. SJC 2003 denies the allegations of Paragraph 65 to the extent they are directed at SJC 2003 and are inconsistent with the terms and conditions of the SJC 2003 Policy and/or the Primary Policy. SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 65.

66.    SJC 2003 only admits that it issued the SJC 2003 Policy, which speaks for itself. SJC 2003 denies the allegations of Paragraph 66 to the extent they are directed at SJC 2003 and are inconsistent with the terms and conditions of the SJC 2003 Policy and/or the Primary Policy. SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 66.

67.     SJC 2003 only admits that it issued the SJC 2003 Policy, which speaks for itself. SJC 2003 denies the allegations of Paragraph 67 to the extent they are directed at SJC 2003 and are inconsistent with the terms and conditions of the SJC 2003 Policy and/or the Primary Policy. SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 67.

68.     SJC 2003 submits that Paragraph 68 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 denies the allegations of Paragraph 68 to the extent they are directed at SJC 2003.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 68.

69.     SJC 2003 submits that Paragraph 69 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 denies the allegations of Paragraph 69 to the extent they are directed at SJC 2003. SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 69.

70.     SJC 2003 submits that Paragraph 70 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 admits only that Plaintiffs purport to quote Articles 2500 and 2503 of the Quebec Civil Code, which speaks for itself.  SJC 2003 denies the remaining allegations contained in Paragraph 70 to the extent they are directed at SJC 2003.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 70.

71.     SJC 2003 submits that Paragraph 71 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003

admits only that Valeant, certain of its subsidiaries, and certain of its directors and officers have been named as defendants in certain lawsuits.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 71.

72.     SJC 2003 submits that Paragraph 72 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 72 of the Complaint.  SJC 2003 further submits that Paragraph 72 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 72 of the Complaint.

73.     SJC 2003 submits that Paragraph 73 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 73 of the Complaint.  SJC 2003 further submits that Paragraph 73 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 73 of the Complaint.

74.     SJC 2003 submits that Paragraph 74 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 74 of the Complaint.  SJC 2003 further submits that Paragraph 74 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 74 of the Complaint.

75.     SJC 2003 submits that Paragraph 75 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the

allegations in Paragraph 75 of the Complaint.  SJC 2003 further submits that Paragraph 75 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 75 of the Complaint.

76.    SJC 2003 submits that Paragraph 76 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 admits only that Plaintiffs seek coverage for various lawsuits under the 2015-16 Program, and that the allegations of those lawsuits are asserted in the operative complaints, which speak for themselves.  SJC 2003 denies the allegations of Paragraph 76 to the extent that are inconsistent with, or unfairly characterize, those underlying complaints.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 76 of the Complaint.

77.    SJC 2003 submits that Paragraph 77 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies the allegations of Paragraph 77 to the extent they are asserted against SJC 2003. SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 77 of the Complaint.

78.    SJC 2003 submits that Paragraph 78 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC admits only that it received notice of the 2015-16 Claims.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 78 of the Complaint.

79.     SJC 2003 submits that Paragraph 79 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 79 of the Complaint.

80.     SJC 2003 submits that Paragraph 80 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies the allegations of Paragraph 80 to the extent they are asserted against SJC 2003. SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 80 of the Complaint.

81.     SJC 2003 submits that Paragraph 81 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 81 of the Complaint.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 81 of the Complaint.

82.     SJC 2003 submits that Paragraph 82 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 82 of the Complaint.  SJC 2003 further submits that Paragraph 82 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 82 of the Complaint.

83.     SJC 2003 submits that Paragraph 83 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 83 of the Complaint.  SJC 2003 further submits that Paragraph 83 of the

Complaint consists of legal conclusions to which no response is required. To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 83 of the Complaint.

84.     SJC 2003 submits that Paragraph 84 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 84 of the Complaint. SJC 2003 further submits that Paragraph 84 of the Complaint consists of legal conclusions to which no response is required. To the extent that a response is required, SJC 2003 denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 84 of the Complaint.

85.     SJC 2003 submits that Paragraph 85 of the Complaint consists of legal conclusions to which no response is required. To the extent that a response is required, SJC 2003 admits only that it has issued coverage correspondence, which speaks for itself, and that it has no current obligation to pay, and has not paid, "Defence Costs" for the 2015-16 Claims. SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 85 of the Complaint.

86.     SJC 2003 submits that Paragraph 86 of the Complaint consists of legal conclusions to which no response is required. To the extent that a response is required, SJC 2003 admits that the Primary Policy contains a pre-suit mediation requirement with a 60-day waiting period after the mediation before litigation can be commenced and submits the SJC 2003 Policy contains a 120 day waiting period.

87.     Upon information and belief, SJC 2003 admits that the parties attended mediation on November 30 and December 1, 2017, and reached an impasse.

88.     SJC 2003 submits that Paragraph 88 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 88 of the Complaint.  SJC 2003 further submits that Paragraph 88 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 88 of the Complaint.

89.     SJC 2003 submits that Paragraph 89 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 89 of the Complaint.  SJC 2003 further submits that Paragraph 89 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies that it is not prejudiced by Plaintiffs' filing of the Complaint.  SJC 2003 denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 89 of the Complaint.

**FIRST COUNT**
**(Declaratory Judgment on Defense Duties: By All Plaintiffs Against the 2013-14 Insurers)**

90.     SJC 2003 repeats, re-alleges, and incorporates by reference its responses to the relevant allegations set forth above as if fully set forth herein.

91.     SJC 2003 submits that Paragraph 91 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 91 of the Complaint.  SJC 2003 further submits that Paragraph 91 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 91 of the Complaint.

92.     SJC 2003 submits that Paragraph 92 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 92 of the Complaint.  SJC 2003 further submits that Paragraph 92 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 92 of the Complaint.

93.     SJC 2003 submits that Paragraph 93 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 93 of the Complaint.  SJC 2003 further submits that Paragraph 93 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 93 of the Complaint.

94.     SJC 2003 submits that Paragraph 94 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 94 of the Complaint.  SJC 2003 further submits that Paragraph 94 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 94 of the Complaint.

95.     SJC 2003 submits that Paragraph 95 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 95 of the Complaint.  SJC 2003 further submits that Paragraph 95 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a

response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 95 of the Complaint.

**WHEREFORE**, SJC 2003 demands judgment dismissing the Complaint with prejudice, and granting attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

<div align="center">

**SECOND COUNT**
**(Declaratory Judgment on Defense Duties: By Valeant Against the 2015-16 Insurers)**

</div>

96.     SJC 2003 repeats, re-alleges, and incorporates by reference its responses to the relevant allegations set forth above as if fully set forth herein.

97.     SJC 2003 submits that Paragraph 97 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 denies the allegations of Paragraph 97 to the extent they are alleged against SJC 2003.  SJC 2003 denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 97 of the Complaint.

98.     SJC 2003 submits that Paragraph 98 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 denies the allegations of Paragraph 98.

99.     SJC 2003 submits that Paragraph 99 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 99 of the Complaint.

100.     SJC 2003 submits that Paragraph 100 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 denies that it has any current obligation to pay Defense Costs.  SJC 2003 denies knowledge or

information sufficient to form a belief as to the remaining allegations contained in Paragraph 100 of the Complaint.

101.    SJC 2003 submits that Paragraph 101 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 denies the allegations of Paragraph 101.

**WHEREFORE**, SJC 2003 demands judgment dismissing the Complaint with prejudice, and granting attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

### THIRD COUNT
### (Declaratory Judgment on Defense Duties: By All Plaintiffs Against Lloyd's Syndicate AWH 2232 with respect to Lloyd's Syndicate AWH 2232's 2013-14 Policy)

102.    SJC 2003 repeats, re-alleges, and incorporates by reference its responses to the relevant allegations set forth above as if fully set forth herein.

103.    SJC 2003 submits that Paragraph 103 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 103 of the Complaint.  SJC 2003 further submits that Paragraph 103 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 103 of the Complaint.

104.    SJC 2003 submits that Paragraph 104 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 104 of the Complaint.  SJC 2003 further submits that Paragraph 104 of the Complaint consists of legal conclusions to which no response is required.  To the extent that

a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 104 of the Complaint.

105.    SJC 2003 submits that Paragraph 105 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 105 of the Complaint.  SJC 2003 further submits that Paragraph 105 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 105 of the Complaint.

106.    SJC 2003 submits that Paragraph 106 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 106 of the Complaint.  SJC 2003 further submits that Paragraph 106 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 106 of the Complaint.

107.    SJC 2003 submits that Paragraph 107 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 107 of the Complaint.  SJC 2003 further submits that Paragraph 107 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 107 of the Complaint.

108.    SJC 2003 submits that Paragraph 108 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 108 of the Complaint.  SJC 2003 further submits that Paragraph 108 of

the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 108 of the Complaint.

      **WHEREFORE**, SJC 2003 demands judgment dismissing the Complaint with prejudice, and granting attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

<div align="center">

**FOURTH COUNT**
**(Declaratory Judgment on Defense Duties: By Valeant Against Lloyd's Syndicate AWH 2232 with respect to Lloyd's Syndicate AWH 2232's 2015-16 Policy)**

</div>

      109.    SJC 2003 repeats, re-alleges, and incorporates by reference its responses to the relevant allegations set forth above as if fully set forth herein.

      110.    SJC 2003 submits that Paragraph 110 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 110 of the Complaint.  SJC 2003 further submits that Paragraph 110 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 110 of the Complaint.

      111.    SJC 2003 submits that Paragraph 111 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 111 of the Complaint.  SJC 2003 further submits that Paragraph 111 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 111 of the Complaint.

112.     SJC 2003 submits that Paragraph 112 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 112 of the Complaint.  SJC 2003 further submits that Paragraph 112 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 112 of the Complaint.

113.     SJC 2003 submits that Paragraph 113 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 113 of the Complaint.  SJC 2003 further submits that Paragraph 113 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 113 of the Complaint.

114.     SJC 2003 submits that Paragraph 114 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 114 of the Complaint.  SJC 2003 further submits that Paragraph 114 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 114 of the Complaint.

115.     SJC 2003 submits that Paragraph 115 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 115 of the Complaint.  SJC 2003 further submits that Paragraph 115 of the Complaint consists of legal conclusions to which no response is required.  To the extent that

a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 115 of the Complaint.

**WHEREFORE**, SJC 2003 demands judgment dismissing the Complaint with prejudice, and granting attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

## FIFTH COUNT
### (Declaratory Judgment on Coverage: By All Plaintiffs Against the 2013-14 Insurers)

116.    SJC 2003 repeats, re-alleges, and incorporates by reference its responses to the relevant allegations set forth above as if fully set forth herein.

117.    SJC 2003 submits that Paragraph 117 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 117 of the Complaint.  SJC 2003 further submits that Paragraph 117 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 117 of the Complaint.

118.    SJC 2003 submits that Paragraph 118 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 118 of the Complaint.  SJC 2003 further submits that Paragraph 118 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 118 of the Complaint.

119.    SJC 2003 submits that Paragraph 119 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the

allegations in Paragraph 119 of the Complaint.  SJC 2003 further submits that Paragraph 119 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 119 of the Complaint.

120.    SJC 2003 submits that Paragraph 120 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 120 of the Complaint.  SJC 2003 further submits that Paragraph 120 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 120 of the Complaint.

**WHEREFORE**, SJC 2003 demands judgment dismissing the Complaint with prejudice, and granting attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

### SIXTH COUNT
### (Declaratory Judgment on Coverage: By Valeant Against the 2015-16 Insurers)

121.    SJC 2003 repeats, re-alleges, and incorporates by reference its responses to the relevant allegations set forth above as if fully set forth herein.

122.    SJC 2003 submits that Paragraph 122 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 denies the allegations of Paragraph 122 to the extent they are alleged against SJC 2003.  SJC 2003 denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 122 of the Complaint.

123.    SJC 2003 submits that Paragraph 123 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 denies the allegations of Paragraph 123.

124.    SJC 2003 submits that Paragraph 124 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 admits only that it has issued coverage correspondence, which speaks for itself, and denies the remaining allegations of Paragraph 124 to the extent they are asserted against SJC 2003.  SJC 2003 otherwise denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 124 of the Complaint.

125.    SJC 2003 submits that Paragraph 125 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, SJC 2003 denies the allegations of Paragraph 125.

**WHEREFORE**, SJC 2003 demands judgment dismissing the Complaint with prejudice and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

## SEVENTH COUNT
### (Breach of Contract: By All Plaintiffs Against the 2013-14 Insurers)

126.    SJC 2003 repeats, re-alleges, and incorporates by reference its responses to the relevant allegations set forth above as if fully set forth herein.

127.    SJC 2003 submits that Paragraph 127 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 127 of the Complaint.  SJC 2003 further submits that Paragraph 127 of the Complaint consists of legal conclusions to which no response is required.  To the extent that

a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 127 of the Complaint.

128.    SJC 2003 submits that Paragraph 128 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 128 of the Complaint.  SJC 2003 further submits that Paragraph 128 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 128 of the Complaint.

129.    SJC 2003 submits that Paragraph 129 of the Complaint does not contain any allegations directed to SJC 2003 and, therefore, SJC 2003 is not required to respond to the allegations in Paragraph 129 of the Complaint.  SJC 2003 further submits that Paragraph 129 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 129 of the Complaint.

**WHEREFORE**, SJC 2003 demands judgment dismissing the Complaint with prejudice and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

<div align="center">

**EIGHTH COUNT**
**(Breach of Contract: By Valeant Against the 2015-16 Insurers)**

</div>

130.    SJC 2003 repeats, re-alleges, and incorporates by reference its responses to the relevant allegations set forth above as if fully set forth herein.

131.    SJC 2003 submits that Paragraph 131 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 admits only that it has issued the SJC 2003 Policy, which speaks for itself.  SJC 2003

denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 131 of the Complaint.

132.    SJC 2003 submits that Paragraph 132 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies the allegations contained in Paragraph 132 to the extent that they are asserted against SJC 2003.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 132 of the Complaint.

133.    SJC 2003 submits that Paragraph 133 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies the allegations contained in Paragraph 133 to the extent that they are asserted against SJC 2003.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph 133 of the Complaint.

**WHEREFORE**, SJC 2003 demands judgment dismissing the Complaint with prejudice and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

### NINTH COUNT
### (Attorneys' Fees: By All Plaintiffs Against All Insurers)

134.    SJC 2003 repeats, re-alleges, and incorporates by reference its responses to the relevant allegations set forth above as if fully set forth herein.

135.    SJC 2003 submits that Paragraph 135 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 admits only that Plaintiffs purport to quote New Jersey Court Rule 4:42-9(a)(6), which speaks for itself.  SHC 2003 further denies that the quoted Rule applies or that Plaintiffs are entitled to recover attorney's fees.

136.     SJC 2003 submits that Paragraph 136 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 admits only that it has issued the SJC 2003 Policy, which speaks for itself.  SJC 2003 denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 136 of the Complaint.

137.     SJC 2003 submits that Paragraph 137 of the Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, SJC 2003 denies the allegations of Paragraph 137.

**WHEREFORE**, SJC 2003 demands judgment dismissing the Complaint with prejudice and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

<u>**AFFIRMATIVE DEFENSES**</u>

SJC 2003 asserts the affirmative defenses set forth below.  By pleading these defenses, SJC 2003 does not intend to alter the burden of proof and/or burden of persuasion that otherwise exists with respect to any issue in this action.  All defenses are pled in the alternative and do not constitute an admission of liability or an admission that Plaintiffs are entitled to any relief whatsoever, and are without prejudice to the allegations and denials in SJC 2003's Answer.  SJC 2003 specifically reserves the right to list additional Affirmative Defenses based upon additional facts that may be uncovered by ongoing investigation and discovery.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

The Complaint fails to state a claim against SJC 2003 for which relief can be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

Plaintiffs' claims are barred, in whole or in part, by the terms, conditions, endorsements, and exclusions of the SJC 2003 Policy and the Primary Policy, and by application of law and principles of equity.  SJC 2003 hereby expressly gives notice of, and reserves the right, to rely upon all terms, conditions, endorsements and exclusions of the Primary Policy and/or SJC 2003 Policy to deny or limit coverage as discovery reveals.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by Plaintiffs' breach of its duty of cooperation pursuant to Section 9.A.(3) of the Primary Policy.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part because Plaintiffs failed to comply with Clause 12.F.1 of the Primary Policy, as amended by Endorsement No. 20.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part to the extent Plaintiffs seek coverage for matters that are excluded from coverage pursuant to Exclusion 4.B.1 of the Primary Policy, as amended by Endorsement No. 7.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the requirements of the SJC 2003 Policy and the Primary Policy that an allocation must be conducted between covered and uncovered loss.

## SEVENTH AFFIRMATIVE DEFENSE

The above-captioned action should be dismissed, in whole or in part, by virtue of Plaintiffs' improper joinder of the insurers on the 2013-14 Program with the insurers on the 2015-16 Program in the same litigation.

## EIGHTH AFFIRMATIVE DEFENSE

The above-captioned action should be dismissed, in whole or in part, because no actual case or controversy exists with respect to SJC 2003 concerning Plaintiffs' claims for coverage under the 2015-16 insurance policies.

## NINTH AFFIRMATIVE DEFENSE

The above-captioned action should be dismissed, in whole or in part, because, in the event there is coverage under the SJC 2003 Policy, any payment obligation for Defence Costs would be subject to, and not in addition to or outside, the limits of liability of the SJC 2003 Policy and the underlying insurance.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by virtue of the statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

SJC 2003 is not liable for liabilities assumed, settlements entered, or amounts paid by Plaintiffs without the consent of SJC 2003 pursuant to Section 9.A.(3) of the Primary Policy and III.C of the SJC 2003 Policy.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any damages that they may have sustained as a result of the matters alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

New Jersey is not the appropriate venue for this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish damages flowing from SJC 2003's conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by the doctrines of estoppel, laches, release, waiver and/or unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by Plaintiffs' failure to satisfy conditions precedent to coverage under the Primary Policy and/or the SJC 2003 Policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

SJC 2003 did not breach any duties allegedly owed to Plaintiffs and/or any other party, including, but not limited to, any duties under common law, statute, contract, regulations or otherwise.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the insurers of the policies underlying the SJC 2003 Policy have not paid or been held liable to pay the full amount of the limits of liability of that underlying insurance.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the known loss, moral hazard, loss in progress and/or fortuity doctrines.

**WHEREFORE**, SJC 2003 demands judgment dismissing the Complaint with prejudice and granting attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

SJC 2003 hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

The matter in controversy in the present action is not the subject of any other action

pending in any court, or of any pending arbitration or administrative proceeding.  The

undersigned, as counsel for SJC 2003, hereby certifies under penalty of perjury that the

foregoing is true and correct.

Dated:  March 2, 2018

<div style="margin-left: 50%;">

Respectfully Submitted,

SKARZYNSKI BLACK LLC

By: <u>*/s/ Sarah Voutyras*</u>
    Sarah Voutyras

One Battery Park Plaza, 32nd Fl.
New York, NY 10004
Tel.: (212) 820-7735
Fax: (212) 820-7740
svoutyras@skarzynski.com

*Attorneys for Defendant*
*Lloyd's Syndicate SJC 2003*

</div>

Of Counsel:

James A. Skarzynski
(*pro hac vice* application forthcoming)
jskarzynski@skarzynski.com

Alexis J. Rogoski
(*pro hac vice* application forthcoming)
arogoski@skarzynski.com

George Mustes
(*pro hac vice* application forthcoming)
gmustes@skarzynski.com
SKARZYNSKI BLACK LLC
One Battery Park Plaza, 32nd FL
New York, NY 10004
Tel.: (212) 820-7700
Fax: (212) 820-7740