Joseph J. Schiavone, Esq.
Jeffrey S. Leonard, Esq.
David I. Satine, Esq.
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
Phone: (973) 379-4800

Attorneys for Defendant
Everest Insurance Company of Canada

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC.; VALEANT PHARMACEUTICALS INTERNATIONAL; and AGMS, INC.; | Civil Action No. 3:18-cv-00493-MAS-LHG |
| Plaintiffs, | |
| v. | **EVEREST INSURANCE COMPANY OF CANADA'S ANSWER AND AFFIRMATIVE DEFENSES** |
| AIG INSURANCE COMPANY OF CANADA; ACE INA INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; ARCH INSURANCE CANADA LTD; EVEREST INSURANCE COMPANY OF CANADA; HARTFORD FIRE INSURANCE COMPANY; IRONSHORE CANADA LTD.; LIBERTY INTERNATIONAL UNDERWRITERS, a division of LIBERTY MUTUAL INSURANCE COMPANY; LLOYD'S UNDERWRITERS; LLOYD'S CONSORTIUM 9885 (a/k/a STARR FINANCIAL LINES CONSORTIUM 9885); LLOYD'S SYNDICATE ANV 1861; LLOYD'S SYNDICATE AMA 1200; LLOYD'S SYNDICATE ARGO 1200; LLOYD'S SYNDICATE AWH 2232; LLOYD'S SYNDICATE BRT 2987; LLOYD'S SYNDICATE CVS 1919; LLOYD'S SYNDICATE HCC 4141; LLOYD'S SYNDICATE MITSUI 3210; LLOYD'S SYNDICATE MIT 3210; LLOYD'S SYNDICATE NAV 1221; LLOYD'S | |

SYNDICATE QBE 1886; LLOYD'S
SYNDICATE SJC 2003; ROYAL & SUN
ALLIANCE INSURANCE COMPANY OF
CANADA; TEMPLE INSURANCE COMPANY;
and XL INSURANCE COMPANY SE,

                              Defendants.

Defendant Everest Insurance Company of Canada ("Everest"), by its attorneys, Budd

Larner, P.C., answers the Complaint filed by Plaintiffs Valeant Pharmaceuticals International,

Inc. ("Valeant"), Valeant Pharmaceuticals International, and AGMS, Inc. (collectively,

"Plaintiffs") as follows:

## "INTRODUCTION"[1]

1.       Paragraph 1 of the Complaint sets forth legal conclusions to which no response is

required. To the extent that a response is required, Everest admits that Plaintiffs purport to seek

relief for breach of contract and declaratory judgment. Everest also admits that it issued the

following insurance policies to Valeant: policy number XD&O000061, which has a policy

period from September 28, 2013 to September 28, 2014 ("2013-14 Everest Policy"), and policy

number E3DO000101, which has a policy period from September 28, 2015 to September 28,

2016 ("2015-16 Everest Policy") (collectively, the "Everest Policies"). Everest respectfully refers

the Court to the Everest Policies for their terms and conditions, which speak for themselves.

Everest denies that it breached any duty owed to Plaintiffs, that it wrongfully denied coverage to

Plaintiffs, and that Plaintiffs are entitled to any of the relief sought in the Complaint. Everest

further denies the remaining allegations contained in Paragraph 1 of the Complaint.

---

[1]All section and sub-section headings in this Answer are quoted from the Complaint and are not
adopted or admitted by Everest.

2.      Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies that the Everest Policies were issued in Quebec and are subject to Quebec law and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that it issued to Valeant the Everest Policies and that "Securities Claim" and "Claim" are defined terms in policy number 01-421-57-69 issued by AIG Insurance Company of Canada ("AIG") ("2013-14 Primary Policy") and in policy number 01-714-68-05 issued by AIG ("2015-16 Primary Policy") (collectively the "Primary Policies"). Everest respectfully refers the Court to the Everest Policies and the Primary Policies, which speak for themselves. Everest denies that the Everest Policies were issued in Quebec and are subject to Quebec law and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that Valeant, its subsidiaries, and its directors and officers have been sued in certain underlying litigations for which Plaintiffs seek

3

insurance coverage. Everest otherwise denies the allegations in Paragraph 6 of the Complaint to the extent they are asserted against Everest and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that Plaintiffs purport to seek coverage under the 2013-14 Everest Policy and other policies not issued by Everest for certain underlying actions ("2013-14 Claims"). The complaints filed in those underlying actions speak for themselves. Everest otherwise denies that those underlying actions constitute Securities Claims under the 2013-14 Everest Policy and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that Plaintiffs purport to seek coverage under the 2015-16 Everest Policy and other policies not issued by Everest for certain underlying actions ("2015-16 Claims"). The complaints filed in those underlying actions speak for themselves. Everest denies that those underlying actions constitute covered Securities Claims and covered Claims under the 2015-16 Everest Policy and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint.

9.      With respect to Paragraph 9 of the Complaint, Everest admits that Valeant sought coverage under the Everest Policies for the 2013-14 Claims and the 2015-16 Claims, denies the remaining allegations of Paragraph 9 of the Complaint to the extent they are asserted against

Everest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      Paragraph 10 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations in Paragraph 10 of the Complaint to the extent they are asserted against Everest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      Paragraph 11 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations in Paragraph 11 of the Complaint to the extent they are asserted against Everest and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.      Paragraph 12 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that the 2013-14 Claims do not meet the definition of "Securities Claim" in the 2013-14 Primary Policy and in the 2013-14 Everest Policy and respectfully refers the Court to those policies, which speak for themselves. Everest further admits that the bases for Everest's coverage position are set forth in written correspondence, which speaks for itself. Everest denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.      Paragraph 13 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that Plaintiffs purport to seek relief for breach of contract and declaratory judgment against insurers including Everest. Everest denies that it wrongfully denied coverage to Plaintiffs, that Everest breached its contracts, and

that Plaintiffs are entitled to any of the relief sought in the Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that the Everest Policies contain a pre-suit mediation requirement with a 120-day waiting period after the mediation before litigation can be commenced. Everest further admits that the parties attended mediation on November 30 and December 1, 2017, which did not achieve a resolution. Everest denies the remaining allegations contained in Paragraph 14 of the Complaint to the extent they are asserted against Everest and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

**"PARTIES"**

**"Plaintiffs"**

15.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

**"Defendants"**

18.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     With respect to Paragraph 22 of the Complaint, Everest admits that it is a Canadian corporation with its principal place of business in Toronto, Ontario, Canada. Everest also admits that it issued the Everest Policies to Valeant and respectfully refers the Court to the Everest Policies, which speak for themselves. Everest further admits that it issues insurance policies in the regular course of business. Everest denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

## "JURISDICTION AND VENUE"

30.     Paragraph 30 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies that the Everest Policies were issued in Quebec under Quebec law and denies the remaining allegations in Paragraph 30 of the Complaint to the extent they are asserted against Everest. Everest otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that venue in the United States District Court for the District of New Jersey, in Trenton, New Jersey is proper.

## "FACTUAL BACKGROUND"

### "Valeant Is A Quebec Policyholder"

32.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that it issued the Everest Policies to Valeant and respectfully refers the Court to the Everest Policies, which speak for themselves.

Everest further denies that the Everest Policies were issued in Quebec and are governed by Quebec law and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Complaint.

35.     With respect to Paragraph 35 of the Complaint, Everest admits that it issued the 2013-14 Everest Policy and the 2015-16 Everest Policy and that Plaintiffs are seeking coverage under the Everest Policies and policies issued by other insurers. Everest also admits that the 2013-14 Everest Policy is an independent contract of insurance within the so-called 2013-14 Program and that the Everest 2015-2016 Policy is an independent contract of insurance within the so-called 2015-16 Program. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint.

**"The Insurers Issued The 2013-14 Program to Valeant in Quebec and Under Quebec Law"**

36.     With respect to Paragraph 36 of the Complaint, Everest admits that it issued the 2013-14 Everest Policy, which is an independent contract of insurance within the so-called "2013-14 Program." Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint.

37.     With respect to Paragraph 37 of the Complaint, Everest admits that AIG issued the 2013-14 Primary Policy, which speaks for itself. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint.

38.     With respect to Paragraph 38 of the Complaint, Everest admits that it issued the 2013-14 Everest Policy, which is excess to other insurance policies including the 2013-14 Primary Policy. Everest respectfully refers the Court to the 2013-14 Everest Policy and the 2013-14 Primary Policy, which speak for themselves. Everest is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations in Paragraph 39 of the Complaint to the extent the allegations are directed at Everest and are inconsistent with the 2013-14 Everest Policy, which speaks for itself. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     With respect to Paragraph 41 of the Complaint, Everest denies that the 2013-14 Everest Policy was issued in Quebec and subject to Quebec law and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that Plaintiffs purport to quote from portions of the 2013-14 Primary Policy, which speaks for itself. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations are directed at Everest, Everest denies that the 2013-14 Everest Policy was issued in Quebec and respectfully refers the Court to the 2013-14 Everest Policy, which speaks for itself. Everest denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint.

44.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

**"The Insurers Issued The 2015-16 Program to Valeant in Quebec and Under Quebec Law"**

47.     With respect to Paragraph 47 of the Complaint, Everest admits that it issued the 2015-16 Everest Policy, which is an independent contract of insurance within the so-called "2015-16 Program." Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the Complaint.

48.     With respect to Paragraph 48 of the Complaint, Everest admits that AIG issued the 2015-16 Primary Policy, which speaks for itself. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Complaint.

49.     With respect to Paragraph 49 of the Complaint, Everest admits that it issued the 2015-16 Everest Policy, which is excess to other insurance policies including the 2015-16 Primary Policy. Everest respectfully refers the Court to the 2015-16 Everest Policy and the 2015-16 Primary Policy, which speak for themselves. Everest is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Complaint.

50.    Paragraph 50 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations in Paragraph 50 of the Complaint to the extent the allegations are directed at Everest and are inconsistent with the 2015-16 Everest Policy, which speaks for itself. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 of the Complaint.

51.    Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.    With respect to Paragraph 52 of the Complaint, Everest denies that the 2015-16 Everest Policy was issued in Quebec and subject to Quebec law and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the Complaint.

53.    Paragraph 53 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that Plaintiffs purport to quote from portions of the 2015-16 Primary Policy, which speaks for itself. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of the Complaint.

54.    Paragraph 54 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations are directed at Everest, Everest denies that the 2015-16 Everest Policy was issued in Quebec and respectfully refers the Court to the 2015-16 Everest Policy, which speaks for itself. Everest denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint.

55.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

**"The Coverage Promised Under the Programs and**
**the Coverage Mandated By Quebec Law"**

58.     Paragraph 58 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and respectfully refers the Court to the Everest Policies, which speak for themselves.

59.     Everest denies the allegations set forth in Paragraph 59 of the Complaint to the extent they are directed at Everest and respectfully refers the Court to the Everest Policies and to the Primary Policies, which speak for themselves. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 of the Complaint.

60.     Everest denies the allegations set forth in Paragraph 60 of the Complaint to the extent they are directed at Everest and respectfully refers the Court to the Everest Policies and to the Primary Policies, which speak for themselves. Everest denies knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60 of the Complaint.

61.      Everest denies the allegations set forth in Paragraph 61 of the Complaint to the extent they are directed at Everest and respectfully refers the Court to the Everest Policies and to the Primary Policies, which speak for themselves. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 of the Complaint.

62.      Everest denies the allegations set forth in Paragraph 62 of the Complaint to the extent they are directed at Everest and respectfully refers the Court to the Everest Policies and to the Primary Policies, which speak for themselves. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62 of the Complaint.

63.      Everest denies the allegations set forth in Paragraph 63 of the Complaint to the extent they are directed at Everest and respectfully refers the Court to the Everest Policies and to the Primary Policies, which speak for themselves. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 of the Complaint.

64.      Paragraph 64 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 64 of the Complaint to the extent they are directed at Everest and respectfully refers the Court to the Everest Policies and to the Primary Policies, which speak for themselves. Everest otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64 of the Complaint.

65. Everest denies the allegations set forth in Paragraph 65 of the Complaint to the extent they are directed at Everest and respectfully refers the Court to the Everest Policies and to the Primary Policies, which speak for themselves. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65 of the Complaint.

66. Everest denies the allegations set forth in Paragraph 66 of the Complaint to the extent they are directed at Everest and respectfully refers the Court to the Everest Policies and to the Primary Policies, which speak for themselves. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66 of the Complaint.

67. Everest denies the allegations set forth in Paragraph 67 of the Complaint to the extent they are directed at Everest and respectfully refers the Court to the Everest Policies and to the Primary Policies, which speak for themselves. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies that the 2013-14 Claims constitute "Securities Claims" against Valeant and "Claims" against Valeant's former or current directors or officers under the 2013-14 Everest Policy and the 2013-14 Primary Policy and denies that Everest is required to pay all "Loss" arising from the 2013-14 Claims and the 2015-16 Claims. Everest otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the Complaint.

69.      Paragraph 69 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 69 of the Complaint to the extent they are directed at Everest and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

70.      Paragraph 70 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies that the Everest Policies were issued in Quebec under Quebec law, denies that the Everest Policies are "deemed to be amended to provide this mandatory coverage to Valeant," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the Complaint.

71.      Paragraph 71 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required and to the extent the allegations set forth in Paragraph 71 of the Complaint are directed at Everest, Everest denies that the lawsuits against Valeant, its subsidiaries, and its former and current directors and officers fall within the coverage provided by the Everest Policies, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 71 of the Complaint.

**"The 2013-14 Claims"**

72.      Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.      Paragraph 73 sets forth legal conclusions to which no response is required. To the extent a response is required and the allegations are directed at Everest, Everest admits that it treated the 2013-14 Claims as though they were first made during the 2013-14 Everest Policy and denies the remaining allegations contained in Paragraph 73 of the Complaint. Everest

16

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint

74.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint and respectfully refers the court to the complaints comprising the 2013-14 Claims.

75.     Paragraph 75 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations set forth in Paragraph 75 of the Complaint to the extent they are directed at Everest. Everest otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

**"The 2015-16 Claims"**

76.     With respect to Paragraph 76 of the Complaint, Everest admits that Valeant and certain of its current and former directors and officers have been sued in litigations and that the allegations in those lawsuits involve, among other things, violations of U.S. and Canadian securities laws. Everest respectfully refers the Court to the operative complaints in those lawsuits, which speak for themselves. Everest denies that Paragraph 76 of the Complaint contains a complete and accurate list of the actions that have been reported to Everest. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations set forth in Paragraph 77 of the Complaint to the extent they are directed at Everest. Everest otherwise

denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

**"The Insurers Have Breached Their Obligations Under the Policies and Quebec Law"**

78.     Paragraph 78 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that it received notice of the 2013-14 Claims and some of the 2015-16 Claims. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 of the Complaint.

79.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations set forth in Paragraph 80 of the Complaint to the extent they are directed at Everest and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.     With respect to Paragraph 81 of the Complaint, Everest admits that it has denied coverage and there is no coverage for the 2013-14 Claims for the reasons set forth in Everest's coverage correspondence, including but not limited to reason that the 2013-14 Claims do not constitute "Securities Claims," as defined by the 2013-14 Primary Policy. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 of the Complaint.

82.     Paragraph 82 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations set forth in

Paragraph 82 of the Complaint to the extent they are directed at Everest and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83.     Paragraph 83 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations set forth in Paragraph 83 of the Complaint to the extent they are directed at Everest except Everest admits that it has not been asked to pay, has no current obligation to pay, and accordingly has not paid "Defence Costs" incurred in connection with the 2013-14 Claims asserted against Mr. Pearson. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations set forth in Paragraph 84 of the Complaint to the extent they are directed at Everest and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that it has issued correspondence reserving its rights, which speaks for itself, that Everest has not been asked to pay, has no current obligation to pay, and accordingly has not paid "Defence Costs" incurred in connection with the 2015-16 Claims, and that any such payment would erode the limits of the 2015-16 Everest Policy. Everest denies the remaining allegations set forth in Paragraph 85 of the Complaint to the extent they are directed at Everest and otherwise denies knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the Complaint.

**"Agreement to Stay Claims Pending Expiration of the Policies' 'Waiting Period'"**

86.     With respect to Paragraph 86 of the Complaint, Everest admits that the Everest Policies contain a pre-suit dispute resolution process requirement, which provides that 120 days must elapse from the termination of mediation before a judicial proceeding can be commenced. Everest denies the remaining allegations contained in Paragraph 86 of the Complaint to the extent they are asserted against Everest and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the Complaint.

87.     With respect to Paragraph 87 of the Complaint, Everest admits that the parties attended mediation on November 30 and December 1, 2017, and that it ended in an impasse.

88.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint except Everest admits that this action was commenced less than 60 days after the mediation.

89.     Paragraph 89 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies that Plaintiffs complied with the contractual waiting period, denies that Everest is not prejudiced by Plaintiffs' filing of the Complaint and denies the remaining allegations set forth in Paragraph 89 of the Complaint to the extent the allegations are asserted against Everest. Everest otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 89 of the Complaint.

## FIRST COUNT
### ("Declaratory Judgment on Defense Duties:
### By All Plaintiffs Against the 2013-14 Insurers")

90.     Everest incorporates by reference its responses to the allegations contained in the previous paragraphs of the Complaint, as if fully set forth herein.

91.     Paragraph 91 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 91 of the Complaint to the extent they are directed against Everest and respectfully refers the Court to the 2013-14 Everest Policy and the 2013-14 Primary Policy, which speak for themselves. Everest otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 92 of the Complaint.

93.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 94 of the Complaint to the extent they are asserted against Everest, except Everest admits that it has not been asked to pay, has no current obligation to pay, and has not paid Defence Costs, and that any such payment would erode the limits of the 2013-14 Everest Policy. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

**WHEREFORE**, Everest demands judgment dismissing the Complaint with prejudice, and granting Everest attorneys' fees, costs, and such other and further relief as the Court deems just and proper.

**SECOND COUNT**
**("Declaratory Judgment on Defense Duties: By Valeant Against the 2015-16 Insurers")**

96.     Everest incorporates by reference its responses to the allegations contained in the previous paragraphs of the Complaint, as if fully set forth herein.

97.     Paragraph 97 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 97 of the Complaint to the extent they are directed against Everest and respectfully refers the Court to the 2015-16 Everest Policy and the 2015-16 Primary Policy, which speak for themselves. Everest otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 98 of the Complaint.

99.     Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.    Everest denies the allegations contained in Paragraph 100 of the Complaint to the extent they are asserted against Everest, except Everest admits that it has not been asked to pay,

has no current obligation to pay, and has not paid Defence Costs, and that any such payment would erode the limits of the 2015-16 Everest Policy. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100 of the Complaint.

101.     Paragraph 101 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

**WHEREFORE**, Everest demands judgment dismissing the Complaint with prejudice, and granting Everest attorneys' fees, costs, and such other and further relief as the Court deems just and proper.

### THIRD COUNT
### ("Declaratory Judgment on Defense Duties: By All Plaintiffs Against Lloyd's Syndicate AWH 2232 with respect to Lloyd's Syndicate AWH 2232's 2013-14 Policy")

102.     Everest incorporates by reference its responses to the allegations contained in the previous paragraphs of the Complaint, as if fully set forth herein.

103.     The allegations in Paragraph 103 of the Complaint are not directed at Everest and no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.     The allegations in Paragraph 104 of the Complaint are not directed at Everest and no response is required. Paragraph 104 of the Complaint also sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.     The allegations in Paragraph 105 of the Complaint are not directed at Everest and no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106.     The allegations in Paragraph 106 of the Complaint are not directed at Everest and no response is required. Paragraph 106 of the Complaint also sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.     The allegations in Paragraph 107 of the Complaint are not directed at Everest and no response is required. Paragraph 107 of the Complaint also sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.

108.     The allegations in Paragraph 108 of the Complaint are not directed at Everest and no response is required. Paragraph 108 of the Complaint also sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint.

**WHEREFORE**, Everest demands judgment dismissing the Complaint with prejudice, and granting Everest attorneys' fees, costs, and such other and further relief as the Court deems just and proper.

## FOURTH COUNT
### ("Declaratory Judgment on Defense Duties: By Valeant Against Lloyd's Syndicate AWH 2232 with respect to Lloyd's Syndicate AWH 2232's 2015-16 Policy")

109.     Everest incorporates by reference its responses to the allegations contained in the previous paragraphs of the Complaint, as if fully set forth herein.

110.     The allegations in Paragraph 110 of the Complaint are not directed at Everest and no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint.

111.     The allegations in Paragraph 111 of the Complaint are not directed at Everest and no response is required. Paragraph 111 of the Complaint also sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112.     The allegations in Paragraph 112 of the Complaint are not directed at Everest and no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint.

113.     The allegations in Paragraph 113 of the Complaint are not directed at Everest and no response is required. Paragraph 113 of the Complaint also sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint.

114.    The allegations in Paragraph 114 of the Complaint are not directed at Everest and no response is required. Paragraph 114 of the Complaint also sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

115.    The allegations in Paragraph 115 of the Complaint are not directed at Everest and no response is required. Paragraph 115 of the Complaint also sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

**WHEREFORE**, Everest demands judgment dismissing the Complaint with prejudice, and granting Everest attorneys' fees, costs, and such other and further relief as the Court deems just and proper.

## FIFTH COUNT
## (<u>"Declaratory Judgment on Coverage: By All Plaintiffs Against the 2013-14 Insurers"</u>)

116.    Everest incorporates by reference its responses to the allegations contained in the previous paragraphs of the Complaint, as if fully set forth herein.

117.    Paragraph 117 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 117 of the Complaint to the extent they are directed against Everest and respectfully refers the Court to the 2013-14 Everest Policy and the 2013-14 Primary Policy, which speak for

themselves. Everest otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint.

118.    Paragraph 118 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 118 of the Complaint.

119.    Paragraph 119 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 119 of the Complaint to the extent they are alleged against Everest and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint.

120.    Paragraph 120 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint.

**WHEREFORE**, Everest demands judgment dismissing the Complaint with prejudice, and granting Everest attorneys' fees, costs, and such other and further relief as the Court deems just and proper.

### SIXTH COUNT
### ("Declaratory Judgment on Coverage: By Valeant Against the 2015-16 Insurers")

121.    Everest incorporates by reference its responses to the allegations contained in the previous paragraphs of the Complaint, as if fully set forth herein.

122.    Paragraph 122 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 122 of the Complaint to the extent they are directed against Everest and respectfully

refers the Court to the 2015-16 Everest Policy and the 2015-16 Primary Policy, which speak for themselves. Everest otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint.

123.   Paragraph 123 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 123 of the Complaint.

124.   With respect to Paragraph 124 of the Complaint, Everest admits that it has reserved its rights in correspondence, which speaks for itself, and denies the remaining allegations to the extent they are alleged against Everest. Everest otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 124 of the Complaint.

125.   Paragraph 125 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint.

**WHEREFORE**, Everest demands judgment dismissing the Complaint with prejudice, and granting Everest attorneys' fees, costs, and such other and further relief as the Court deems just and proper.

### SEVENTH COUNT
### ("Breach of Contract: By All Plaintiffs Against the 2013-14 Insurers")

126.   Everest incorporates by reference its responses to the allegations contained in the previous paragraphs of the Complaint, as if fully set forth herein.

127.   Paragraph 127 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that it issued the 2013-14 Everest

Policy and respectfully refers the Court to that policy, which speaks for itself. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 127 of the Complaint.

128.    Paragraph 128 sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 128 of the Complaint to the extent they are alleged against Everest and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint.

129.    Paragraph 129 sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 129 of the Complaint to the extent they are alleged against Everest. Everest otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint.

**WHEREFORE**, Everest demands judgment dismissing the Complaint with prejudice, and granting Everest attorneys' fees, costs, and such other and further relief as the Court deems just and proper.

### EIGHTH COUNT
### ("Breach of Contract: By Valeant Against the 2015-16 Insurers")

130.    Everest incorporates by reference its responses to the allegations contained in the previous paragraphs of the Complaint, as if fully set forth herein.

131.    Paragraph 131 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that it issued the 2015-16 Everest Policy and respectfully refers the Court to that policy, which speaks for itself. Everest denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 131 of the Complaint.

132.    Paragraph 132 sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 132 of the Complaint to the extent they are alleged against Everest and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint.

133.    Paragraph 133 sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations contained in Paragraph 133 of the Complaint to the extent they are alleged against Everest. Everest otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

**WHEREFORE**, Everest demands judgment dismissing the Complaint with prejudice, and granting Everest attorneys' fees, costs, and such other and further relief as the Court deems just and proper.

## NINTH COUNT
## ("Attorneys' Fees: By All Plaintiffs Against All Insurers")

134.    Everest incorporates by reference its responses to the allegations contained in the previous paragraphs of the Complaint, as if fully set forth herein.

135.    Paragraph 135 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that Plaintiffs purport to quote a portion of New Jersey Court Rule 4:42-9(a)(6), which speaks for itself. Everest denies that the Rule applies or that Plaintiffs are entitled to recover attorneys' fees and respectfully refers all questions of law to the Court.

136.     Paragraph 136 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest admits that it issued the Everest Policies, which speak for themselves. Everest denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 136 of the Complaint.

137.     Paragraph 137 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Everest denies the allegations in Paragraph 137 of the Complaint.

**WHEREFORE**, Everest demands judgment dismissing the Complaint with prejudice, and granting Everest attorneys' fees, costs, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Everest asserts the affirmative defenses below. By pleading these defenses, Everest does not intend to alter the burden of proof and/or burden of persuasion that otherwise exists with respect to any issue in this action. All defenses are pled in the alternative and do not constitute an admission of liability or an admission that Plaintiffs are entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Everest for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the terms, conditions, endorsements, and exclusions of the Everest Policies, the Primary Policies, and by application of law and principles of equity. Everest hereby expressly gives notice of, and reserves the right to rely upon all terms, conditions, endorsements and exclusions of the Primary Policies and/or Everest Policies to deny or limit coverage on additional or different grounds as discovery reveals.

31

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the underlying actions for which Plaintiffs seek coverage do not meet the definition of Securities Claim, as defined in the Primary Policies, and therefore do not trigger Insuring Agreement 1.C. of the Primary Policies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent the 2013-14 Claims and the 2015-16 Claims do not meet the definition of Claim, as defined in the Primary Policies, and therefore do not trigger Insuring Agreement 1.B. of the Primary Policies.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent any former or current officer or director, or any other person, does not qualify as an Insured Person, as defined in the Primary Policies, and therefore does not trigger Insuring Agreement 1.A. and/or Insuring Agreement 1.B. of the Primary Policies.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the amounts sought as damages in the underlying actions do not constitute Loss, as defined in the Primary Policies.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent the deliberate misconduct of certain Insured Persons can be imputed to the Organization pursuant to of Clause 4.A. of the 2013-14 Primary Policy, as amended by Endorsement Nos. 19 and 26, and/or Endorsement No. 6 of the 2015-16 Primary Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the amounts sought as damages in the 2013-14 Claims and the 2015-16 Claims constitute disgorgement and/or restitution, and are otherwise uninsurable as a matter of law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs seek coverage for the return of amounts to which Plaintiffs were not legally entitled.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs seek coverage as to amounts for which insurance coverage would violate public policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they arise out of the subject matter of any statements, warranties, or representations that were not accurately or completely disclosed in the application for the Everest Policies or the Primary Policies, where such inaccurate or incomplete disclosure materially affected the acceptance of the risk under the Everest Policies or the Primary Policies.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they were first made or deemed to have first been made prior to the inception date of the Everest Policies.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs seeks coverage for matters that are excluded from coverage pursuant to Section 7(b) of the 2015-16 Primary Policy or Endorsement Nos. 42 or 48 of the 2015-16 Primary Policy, including but not limited to the demand for

information from the Office of the Attorney General of Texas to Bausch & Lomb, reported to AIG during the September 28, 2013-September 28, 2014 policy period.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent it is determined that coverage for any or all of the 2013-14 Claims and/or the 2015-16 Claims is available under the Everest Policies, a proper allocation must be made between Loss incurred by the Insureds and loss incurred by persons or entities not insured under the Everest Policies.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent it is determined that coverage for any or all of the 2013-14 Claims and/or the 2015-16 Claims is available under the Everest Policies, a proper allocation must be made between Loss for covered claims incurred by the Insureds and loss for non-covered claims incurred by the Insureds.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent it is determined that coverage for any or all of the 2013-14 Claims and/or the 2015-16 Claims is available under the Everest Policies pursuant to Insuring Agreement I.B., by virtue of indemnification of any individual insured, and to the extent such indemnified amounts are in excess of the Underlying Insurance, a proper allocation must be made between Loss incurred by virtue of Plaintiffs' indemnification of such individual and loss not attributable to such indemnification.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by Plaintiffs' breach of its duty of cooperation pursuant to Section 9.A.(3) of the Primary Policies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' breach of its obligations pursuant to Notice Clauses III A, B, C and D of the Everest Policies.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs seeks coverage for matters that are excluded from coverage pursuant to Exclusion 4.B.1 of the 2013-14 Primary Policy, as amended by Endorsement No. 42, and/or Exclusion 4.B.1 of the 2015-16 Primary Policy, as amended by Endorsement No. 7.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to comply with (a) Section 12.F.1. of the 2013-14 Primary Policy, as amended by Endorsement No. 38, (b) the Dispute Resolution Process and Governing Law Clause IV of the 2013-14 Everest Policy, (c) Section 12.F.1. of the 2015-16 Primary Policy, as amended by Endorsement No. 20, and (d) the Resolution Process and Governing Law Clause IV of the 2015-16 Everest Policy.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the statute of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Everest is not liable for monetary obligations assumed or voluntarily paid by Plaintiffs, for any settlement agreement or stipulated judgment entered into without Everest's prior written consent, or for any Defence Costs or Pre-Claim Inquiry Costs incurred without Everest's prior written consent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any damages they may have sustained as a result of the matters alleged in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the known loss, moral hazard, loss in progress and/or fortuity doctrines.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish damages flowing from Everest's conduct.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, laches, release, waiver and/or unclean hands.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to satisfy conditions precedent to coverage under the Primary Policies and/or the Everest Policies.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Everest did not breach any duties allegedly owed to Plaintiffs including but not limited to any duties under common law, statute, contract, regulation, or otherwise.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and Everest has no obligation to pay any Loss, including but not limited to Defence Costs, because the Underlying Insurance has not paid or been held liable to pay the full amount of the Underlying Insurance.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because amounts Plaintiffs have voluntarily agreed to pay (including the putative settlement of the 2013-14 Claims) are unreasonable.

**WHEREFORE**, Everest respectfully requests that Plaintiffs' Complaint be dismissed with prejudice, that the Court enter judgment in favor of Everest, that Everest be awarded costs and attorneys' fees, and that Everest be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Everest hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## CERTIFICATION PURSUANT TO L.R. 11.2

The matter in controversy in the present action is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. The undersigned, as counsel for Everest, hereby certifies under penalty of perjury that the foregoing is true and correct.

Dated: March 2, 2018
　　　　Short Hills, New Jersey

By: _____
Joseph J. Schiavone, Esq.
Jeffrey S. Leonard, Esq.
David I. Satine, Esq.

BUDD LARNER, P.C.

150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
Phone: (973) 379-4800
Fax: (973) 379-7734
jschiavone@buddlarner.com
jleonard@buddlarner.com
dsatine@buddlarner.com

Attorneys for Defendant
Everest Insurance Company of Canada

1163632.docx

38