GITA F. ROTHSCHILD, ESQ. (Bar I.D. # 019281977)
SHERILYN PASTOR, ESQ. (Bar I.D. # 026031988)
**MCCARTER & ENGLISH, LLP**
FOUR GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NJ 07102
(973) 622-4444

and

JOHN E. FAILLA, ESQ. (*pro hac vice* application filed)
NATHAN LANDER, ESQ. (*pro hac vice* application filed)
SETH B. SCHAFLER, ESQ. (*pro hac vice* application filed)
**PROSKAUER ROSE LLP**
11 TIMES SQUARE
NEW YORK, NY 10036
(212) 969-3000

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC.; VALEANT PHARMACEUTICALS INTERNATIONAL; and AGMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AIG INSURANCE COMPANY OF CANADA; ACE INA INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; ARCH INSURANCE CANADA LTD; EVEREST INSURANCE COMPANY OF CANADA; HARTFORD FIRE INSURANCE COMPANY; IRONSHORE CANADA LTD.; LIBERTY INTERNATIONAL UNDERWRITERS, a division of LIBERTY MUTUAL INSURANCE COMPANY; and LIBERTY MUTUAL INSURANCE COMPANY; LLOYD'S UNDERWRITERS; LLOYD'S CONSORTIUM 9885 (a/k/a STARR FINANCIAL LINES CONSORTIUM 9885); LLOYD'S SYNDICATE | Civil Action No.: 3:18-cv-00493 <br><br> Hon. Michael Shipp <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| ANV 1861; LLOYD'S SYNDICATE AMA 1200; LLOYD'S SYNDICATE ARGO 1200; LLOYD'S SYNDICATE AWH 2232; LLOYD'S SYNDICATE BRT 2987; LLOYD'S SYNDICATE CVS 1919; LLOYD'S SYNDICATE HCC 4141; LLOYD'S SYNDICATE MITSUI 3210; LLOYD'S SYNDICATE MIT 3210; LLOYD'S SYNDICATE NAV 1221; LLOYD'S SYNDICATE QBE 1886; LLOYD'S SYNDICATE SJC 2003; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; TEMPLE INSURANCE COMPANY; and XL INSURANCE COMPANY SE., | : : : : : : : : : : : : : : : |
| Defendants. | : |

## PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF DEFENDANT IRONSHORE CANADA LTD.

Plaintiffs Valeant Pharmaceuticals International, Inc. ("Valeant"), Valeant Pharmaceuticals International ("Valeant USA"), and AGMS, Inc. ("AGMS") (collectively, "Plaintiffs"), by their undersigned counsel, for their Answer and Affirmative Defenses to the Counterclaim of Defendant Ironshore Canada Ltd. ("Ironshore") filed on March 1, 2018 (the "Counterclaim"), state as follows:

1. Plaintiffs deny the allegations of paragraph 1 of the Counterclaim.

2. Plaintiffs deny the allegations of paragraph 2 of the Counterclaim and respectfully refer the Court to policy number C44803015 (the "Ironshore Excess Policy") for its true and complete contents.

3. Plaintiffs admit that the insurance policies referenced in the chart in paragraph 3 of the Counterclaim were issued to Valeant, respectfully refer the Court to those policies for their true and complete contents, and deny the remaining allegations of paragraph 3 of the Counterclaim.

4. Paragraph 4 of the Counterclaim states a legal conclusion to which no response is

required. To the extent any response is required, Plaintiffs deny the allegations of paragraph 4 of the Counterclaim and respectfully refer the Court to policy number 01-714-68-05 issued to Valeant by AIG Insurance Company of Canada (the "AIG Primary Policy") and the Ironshore Excess Policy for their true and complete contents.

5. Plaintiffs deny the allegations of paragraph 5 of the Counterclaim and respectfully refer the Court to the AIG Primary Policy for its true and complete contents.

6. Plaintiffs admit that they are Insured Organizations under the AIG Primary Policy, respectfully refer the Court to the AIG Primary Policy for its true and complete contents, and deny the remaining allegations of paragraph 6 of the Counterclaim.

7. Plaintiffs deny the allegations of paragraph 7 of the Counterclaim and respectfully refer the Court to the AIG Primary Policy for its true and complete contents.

8. Plaintiffs admit that they have submitted numerous claims under the Ironshore Excess Policy, including but not limited to those listed in paragraph 76 of Plaintiffs' Complaint, and deny the remaining allegations of paragraph 8 of the Counterclaim.

9. Plaintiffs admit that they have submitted numerous claims under the Ironshore Excess Policy, including but not limited to those listed in paragraph 76 of Plaintiffs' Complaint, and deny the remaining allegations of paragraph 9 of the Counterclaim.

10. Paragraph 10 of the Counterclaim states a legal conclusion to which no response is required. To the extent any response is required, Plaintiffs deny the allegations of paragraph 10 of the Counterclaim and respectfully refer the Court to the Ironshore Excess Policy for its true and complete contents.

11. Plaintiffs deny the allegations of paragraph 11 of the Counterclaim.

12. Plaintiffs deny the allegations of paragraph 12 of the Counterclaim.

13. Plaintiffs deny the allegations of paragraph 13 of the Counterclaim.

14. Plaintiffs repeat the above responses and incorporate those responses herein as if set forth at length.

15. Plaintiffs admit that they are entitled to, and have thus demanded, payment of their Defence Costs outside of and without reducing the limits of the AIG Primary Policy, the Ironshore Excess Policy and other relevant excess policies. Plaintiffs deny the remaining allegations of paragraph 15 of the Counterclaim.

16. Plaintiffs deny the allegations of paragraph 16 of the Counterclaim.

17. Plaintiffs deny the allegations of paragraph 17 of the Counterclaim.

18. Plaintiffs deny the allegations of paragraph 18 of the Counterclaim.

19. Paragraph 19 of the Counterclaim states a legal conclusion to which no response is required. To the extent any response is required, Plaintiffs deny the allegations of paragraph 19 of the Counterclaim.

## Response to Prayer for Relief By Ironshore

20. Plaintiffs deny that Ironshore is entitled to any of the relief sought by the Counterclaim.

## AFFIRMATIVE DEFENSES

Plaintiffs assert the affirmative defenses set forth below. By pleading these defenses Plaintiffs do not intend to alter the burden of proof that otherwise exists with respect to any issue in this action.

## FIRST DEFENSE
## (FAILURE TO STATE A CLAIM)

21. The counterclaims fail to state any claim against Plaintiffs for which relief can be granted.

**SECOND DEFENSE**
**(DUPLICATIVE COUNTERCLAIMS)**

22. The counterclaims fail because they do not raise any new issues that are not already being adjudicated as part of Plaintiffs' claims and Defendant Ironshore's affirmative defenses.

**THIRD DEFENSE**
**(WAIVER AND ESTOPPEL)**

23. The counterclaims fail to the extent Ironshore has waived or is estopped from seeking the relief it seeks.

**FOURTH DEFENSE**
**(BREACH OF POLICY)**

24. The counterclaims fail because Ironshore has breached its contractual obligations to Plaintiffs thus precluding it from obtaining some or all of the relief it seeks.

WHEREFORE, Plaintiffs pray that the Court enter judgment as to Ironshore's Counterclaim, ordering as follows:

A. Dismissing all causes of action alleged by Ironshore in the Counterclaim with prejudice and in their entirety;

B. Denying Ironshore all relief of any type in the Counterclaim;

C. Granting Plaintiffs their costs of suit, expenses, and attorney's fees expended and incurred in defending against the Counterclaim, with interest; and

D. Granting Plaintiffs such other and further relief as the Court deems just and appropriate.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I HEREBY CERTIFY that the matter in controversy is not subject to any other action pending in any court or any arbitration, and that no such other action is contemplated. I am not aware of any other parties that need to be joined at this time.

    Respectfully submitted,

    McCARTER & ENGLISH, LLP

    By:   /s/ Sherilyn Pastor

        Sherilyn Pastor (Bar I.D. # 026031988)
        Gita F. Rothschild (Bar I.D. # 019281977)
        Four Gateway Center
        100 Mulberry Street
        Newark, NJ 07102
        (973) 622-4444

        -and-

        John E. Failla (*pro hac vice* application filed)
        Nathan Lander (*pro hac vice* application filed)
        Seth B. Schafler (*pro hac vice* application filed)
        PROSKAUER ROSE LLP
        11 Times Square
        New York, NY 10036
        (212) 969-3000

    *Attorneys for Plaintiffs,*
    *Valeant Pharmaceuticals International, Inc.,*
    *Valeant Pharmaceuticals International, and*
    *AGMS, Inc.*

Dated: March 2, 2018

-7-

## **CERTIFICATION OF SERVICE**

      The undersigned certifies that on March 2, 2018, the foregoing document was filed with the Clerk of the U.S. District Court, District of New Jersey, via CM/ECF, which will cause copies to be served upon all counsel of record.

                                            By: __/s/ Sherilyn Pastor____
                                                Sherilyn Pastor (Bar I.D. # 026031988)