# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>AIG INSURANCE COMPANY OF CANADA, et al.,<br><br>     Defendants. | Civil Action No. 3:18-cv-00493-MAS-LHG<br><br>**Motion Day: May 20, 2019**<br><br>**Oral Argument Requested** |

---

**MEMORANDUM OF LAW IN SUPPORT OF TEMPLE INSURANCE COMPANY AND MS AMLIN'S MOTION FOR CLARIFICATION**

---

        DLA PIPER LLP (US)

        Joseph G. Finnerty III (*pro hac vice*)
        joseph.finnerty@dlapiper.com
        John Vukelj (*pro hac vice*)
        john.vukelj@dlapiper.com
        Steven M. Rosato
        steven.rosato@dlapiper.com

        1251 Avenue of the Americas
        New York, NY 10020-1104
        Tel.: 212.335.4500
        Fax: 212.335.4501

        Attorneys for Defendant
         Temple Insurance Company

Table of Contents

Page

INTRODUCTION AND STATEMENT OF RELEVANT FACTS ............................................. 1

ARGUMENT .................................................................................................................................. 4

    CLARIFICATION IS WARRANTED TO MAKE CLEAR THAT  THE
    MEMORANDUM OPINION MAKES NO BINDING FINDINGS OF FACT. ................ 4

CONCLUSION ............................................................................................................................... 8

Table of Authorities

Page(s)

Cases

Associated Builders & Contractors, Inc. v. City of Jersey City, N.J.,
   No. 14-5445, 2017 WL 5951582 (D.N.J. Nov. 29, 2017) ..........................................................4

Bowers v. Nat'l Collegiate Athletic Ass'n,
   9 F. Supp. 2d 460 (D.N.J. 1998) .................................................................................................5

Bravo-Garcia v. United States,
   No. 13-2185, 2015 WL 13647942 (D.N.J. Feb. 25, 2015) .........................................................5

CNA v. United States,
   535 F.3d 132 (3d Cir. 2008)........................................................................................................6

Garcia v. Correctional Med. Serv., Inc.,
   No. 13-1250, 2018 WL 1317867 (D.N.J. Mar. 14, 2018) ..........................................................4

Giesse v. Sec. of Dep't of Health & Human Servs.,
   476 F Supp. 2d 734 (N.D. Ohio 2006)........................................................................................5

Gonzalez v. Napolitano,
   684 F. Supp. 2d 555 (D.N.J. 2010) .............................................................................................6

Lilly Invs. v. City of Rochester,
   133 F. Supp. 3d 932 (E.D. Mich. 2015), rev'd on other grounds,
   674 F. App'x 523 (6th Cir. 2017) ...............................................................................................5

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,
   176 F.3d 669 (3d Cir. 1999)........................................................................................................4

Lynch v. Tropicana Prods., Inc.,
   No. 11-7382, 2013 WL 4804528 (D.N.J. Sept. 9, 2013) ............................................................4

Naidu v. United States,
   93 F. Supp. 2d 577 (D.N.J. 2000) ...............................................................................................6

Nye v. Ingersoll Rand Co.,
   No. 08-3481, 2011 WL 253957 (D.N.J. Jan. 25, 2011)..............................................................4

State Nat'l Ins. Co. v. Cty. of Camden,
   10 F. Supp. 3d 568 (D.N.J. 2014) ...............................................................................................5

Rules

Fed. R. Civ. P. 12(b)(1)................................................................................................................1, 6, 7

Local Civil Rule 7.1(i) ........................................................................................................................1, 4

Defendants Temple Insurance Company ("Temple") and Certain Underwriters at Lloyds, London subscribing to Policy No. QB146013 ("MS Amlin") respectfully submit this memorandum of law in support of its motion for clarification pursuant to Local Civil Rule 7.1(i).

### INTRODUCTION AND STATEMENT OF RELEVANT FACTS

This motion seeks clarification that the Court's Memorandum Opinion, entered on April 12, 2019, which granted in part and denied in part Temple and MS Amlin's partial motion to dismiss (referenced herein as the "Memorandum Opinion" or "Mem. Op.") (Dkt. No. 195), does not include binding findings of fact, particularly concerning where the insurance policies were issued and what law governs in this action.[1]

On December 14, 2018, Temple filed a partial motion to dismiss Counts One, Five, and Seven of the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Dkt. No. 155. MS Amlin joined Temple's motion on December 28, 2018. Dkt. No. 161. Plaintiffs opposed Temple and MS Amlin's motions, see Dkt. No. 164, and Temple and MS Amlin replied, see Dkt. No. 166. The basis for Temple's motion was, in essence, that Temple could not be required, as a matter of law, to pay indemnification or defense costs relating to the 2013-2014 Claims because Valeant had settled the lawsuit underlying the 2013-2014 Claims far below Temple's attachment point in the 2013-2014 Program. Specifically, because Valeant settled the 2013-2014 Claims for $96.25 million, no case or controversy exists as against Temple and MS Amlin, whose respective excess policies are triggered only for covered losses exceeding $130 million or $145 million.

---

[1] This brief uses defined terms as identified by the Court in its Memorandum Opinion, unless otherwise specified herein.

On April 12, 2019, this Court issued a Memorandum Opinion, in which it dismissed with prejudice Count Five as against Temple and MS Amlin and denied dismissal of Counts One and Seven. It dismissed Count Five, which sought declaratory judgment that the 2013-2014 Claims are covered under the 2013-2014 Program, because "Valeant cannot recover from Temple for the Allergan Settlement Payment because the amount of the settlement falls below Temple's coverage limit." Mem. Op. at 5. The Court declined to dismiss Count One, which seeks a declaratory judgment that plaintiffs are entitled to defense costs for the 2013-2014 Claims, and Count Seven, which asserts a breach of contract claim, on the basis that Valeant established that there is an actual "case or controversy" between it and Temple and MS Amlin regarding those claims. Id. at 11.

A key point of contention in this case – but not directly at issue in the motion to dismiss – is what law governs the various insurance policies that Valeant purchased. Plaintiffs' complaint alleges that the insurance policies should be governed by Quebec law. Dkt. No. 1-1, Compl. ¶¶ 3, 4. Defendants have denied that allegation on the basis of the various primary and excess insurance policies at issue in this case and additional facts that are the subject of ongoing discovery, which support the insurers' contention that the policies were not issued in Quebec and are not subject to Quebec law. See, e.g., Dkt. No. 84 ¶¶ 3, 4 (AIG's answer); Dkt. No. 87 ¶¶ 3, 4 (Temple's answer and counterclaims); Dkt. No. 17 ¶¶ 3, 4 (MS Amlin's answer).

It appears the Court – appropriately – did not make a choice of law determination in its Memorandum Opinion. The Memorandum Opinion offers no analysis or conclusion on what law governs the insurance policies at issue in this case. Nor does the Court cite evidence as to "the province in Canada in which" the Temple policy was "issued." And the Court does not base its ultimate holdings on legal authority from any particular jurisdiction. Moreover, the Court

2

recognized that plaintiffs opposed Temple's motion to dismiss on the grounds that it was premature in light of ongoing discovery relating to the choice of law dispute, and "making such determinations at the motion to dismiss stage is 'wholly inappropriate.'" Mem. Op. at 8; Dkt. No. 164 at 13.

Nevertheless, in an abundance of caution, Temple and MS Amlin seek clarification from the Court that the Memorandum Opinion does not make binding findings of fact, particularly on choice of law issues that could impact the parties' remaining claims and defenses. Several statements in the Memorandum Opinion compel Temple and MS Amlin to make this request. For example, the Court wrote in the "Background" section of its Memorandum Opinion, citing only allegations in the complaint, that "[t]he policies comprising the 2013-2014 Program were issued in Quebec." Mem. Op. at 3. No evidence was submitted to the Court on this issue, and the allegations are palpably incorrect. The Court also wrote that the "Conformance to Law" clause in the AIG Policy "declar[es] that the [AIG] policy would conform to the governing laws in the Canadian province of Quebec," id., that the AIG Policy "contains a conformance clause requiring the policy to be interpreted in conformance with Quebec law," id. at 12, and "the other policies in the 2013-2014 Program ostensibly incorporate the conformance clause," id. No evidence was submitted to the Court on these points, and the issue of what law applies to the interpretation of the policies is hotly contested.

Defendants forcefully dispute the examples referenced above. It is not apparent that the Court intended these to be binding findings of fact, considering that no evidence beyond the pleadings was considered, presented, or cited. But considered out of context, the cited examples could cause confusion and potentially prejudice the parties in later stages of this case. For that

reason, Temple and MS Amlin request that the Court clarify that its Memorandum Opinion does not make binding findings of fact.

ARGUMENT

CLARIFICATION IS WARRANTED TO MAKE CLEAR THAT
THE MEMORANDUM OPINION MAKES NO BINDING FINDINGS OF FACT.

Courts routinely entertain motions for clarification, the purpose of which is generally "to explain or clarify something ambiguous or vague, not to alter or amend." Associated Builders & Contractors, Inc. v. City of Jersey City, N.J., No. 14-5445, 2017 WL 5951582, at *2 (D.N.J. Nov. 29, 2017) (internal quotation marks omitted). Because a motion for clarification closely resembles a motion for reconsideration, the timing of such a motion is governed by Local Rule 7.1(i), which permits a party to move for reconsideration of any "matter . . . which the party believes the Judge . . . has overlooked" in deciding a prior motion within 14 days of the court's entry of the order. See Garcia v. Correctional Med. Serv., Inc., No. 13-1250, 2018 WL 1317867, at *1 (D.N.J. Mar. 14, 2018). For the same reason, motions for clarification and reconsideration typically are evaluated under the same standard. Lynch v. Tropicana Prods., Inc., No. 11-7382, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013); see also Nye v. Ingersoll Rand Co., No. 08-3481, 2011 WL 253957, at *9 (D.N.J. Jan. 25, 2011) (affirming then-Magistrate Judge Shipp's order granting clarification of prior rulings).[2]

A motion for reconsideration or clarification may be granted where there is a "need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). As particularly relevant here,

---

[2] The instant motion for clarification/reconsideration does not seek to reverse this Court's decision to deny dismissal of Counts One and Seven, although Temple and MS Amlin reserve all rights to pursue dismissal of those remaining counts through subsequent motions or appeals.

courts have granted motions for clarification of a prior decision in order to clarify that "the Court did not intend to make binding findings of fact." See, e.g., Bravo-Garcia v. United States, No. 13-2185, 2015 WL 13647942, at *3 (D.N.J. Feb. 25, 2015).

Such clarification that the Court did not intend to make binding findings of fact is warranted for several reasons.

First, courts have recognized that factual findings on a motion to dismiss for lack of subject matter jurisdiction "do not bind the Court in future proceedings," and "[t]he res judicata effect of a 12(b)(1) motion is . . . limited to the jurisdictional issue." Giesse v. Sec. of Dep't of Health & Human Servs., 476 F Supp. 2d 734, 738 (N.D. Ohio 2006) (quoting Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). Put differently, "factual findings made for the purpose of analyzing subject matter jurisdiction are non-binding on future proceedings." Lilly Invs. v. City of Rochester, 133 F. Supp. 3d 932, 943 (E.D. Mich. 2015), rev'd on other grounds, 674 F. App'x 523 (6th Cir. 2017). Courts in the District of New Jersey similarly have noted that "factual findings entered in connection with the denial of [a] preliminary injunction are not binding on the Court in considering" later motions to dismiss or for summary judgment. Bowers v. Nat'l Collegiate Athletic Ass'n, 9 F. Supp. 2d 460, 466 n.3 (D.N.J. 1998) (internal citations omitted); see also State Nat'l Ins. Co. v. Cty. of Camden, 10 F. Supp. 3d 568, 577 n.9 (D.N.J. 2014) (denial of earlier motion could not "serve as stare decisis on the interpretation of the insurance policy terms and which entity is liable for defense costs").

Consistent with the foregoing cases, it does not appear that this Court intended to make binding findings of fact in the Memorandum Opinion. Any arguable "facts" cited therein are supported only by reference to the pleadings (and the insurance policy language quoted therein), but the Court expressly recognized that "no presumption of truth attaches to Valeant's factual

5

allegations" on the motion to dismiss.  Mem. Op. at 11.  The Court also expressly recognized that plaintiffs argued that it would be "wholly inappropriate" for the Court to "make a substantive, legal and factual determination" concerning what law governs the policies at this stage , id. at 7-8, and the Memorandum Opinion does not suggest any disagreement with that position.  In addition, the Court observed that addressing Temple's arguments may involve "a highly fact-specific approach that this Court finds more appropriately applied at summary judgment," and that Temple's "position may ultimately prove to be true."  Id. at 13.  These observations strongly suggest that the Court recognized that discovery and later findings of fact will be necessary to resolve the arguments raised in Temple's motion to dismiss as well as any choice of law issues.

 Second, the Third Circuit repeatedly has cautioned "that a district court must take care not to reach the merits of a case when deciding a Rule 12(b)(1) motion."  CNA v. United States, 535 F.3d 132, 144 (3d Cir. 2008) (citing Gould Elects. Inc. v. United States, 220 F.3d 169, 178-79 (3d Cir. 2000)).  Consistent with that principle, courts should decide only "the factual issues which determine jurisdiction."  Gonzalez v. Napolitano, 684 F. Supp. 2d 555, 557 (D.N.J. 2010) (internal quotation marks omitted); see also Naidu v. United States, 93 F. Supp. 2d 577, 579 n.1 (D.N.J. 2000) (on factual attack of subject matter jurisdiction, court may examine evidence "to resolve factual issues bearing on [subject matter] jurisdiction").  As these cases indicate, courts should not resolve disputed factual issues that have no bearing on the Court's subject matter jurisdiction.

 Here, no findings of fact relating to choice of law issues were necessary to the Court's ultimate decision on the Rule 12(b)(1) motion to dismiss.  As the Court noted, "a court may determine subject matter jurisdiction without reaching the merits . . . ."  Mem. Op. at 10-11.  The

6

Memorandum Opinion does not suggest that Counts One and Seven survived the motion to dismiss as a result of any particular findings of fact, or that the Court made a binding factual determination impacting the merits of the parties' claims, including what law governs the policies. These facts further suggest that it would be inappropriate to make binding factual findings that were inessential to the Court's decision on the motion to dismiss.

Third, no party presented evidence or sought a ruling or factual finding concerning choice of law issues, the location in which the policies were "issued," or the meaning of the "Conformance to Law" clause in the AIG policy. Rather, plaintiffs, Temple, and MS Amlin all argued against making such findings in connection with the motion to dismiss. See Dkt. No. 164 at 4 (plaintiffs arguing that "critical determinations of what law governs the 13-14 Policies and Defendants' respective defense obligations under such law should not be made until summary judgment where the Court has a full evidentiary record before it"); id. at 3 (plaintiffs noting that Temple and MS Amlin "do not argue that the Court can make a determination at this juncture regarding whether the 13-14 Policies are governed by Quebec law") (emphasis in original); Dkt. No. 166 at 1, 4 (Temple and MS Amlin arguing that the choice of law question was not relevant to the 12(b)(1) motion). No binding findings of fact should result where no party sought such a finding in connection with the Rule 12(b)(1) motion.

Fourth, discovery relating to choice of law issues is ongoing and hotly contested. The parties jointly submitted lengthy letters to Magistrate Judge Goodman on December 20, 2018, raising a series of discovery disputes. Dkt. Nos. 158 and 159. Before resolving those disputes, on April 12, 2019, the Court appointed the Honorable Douglas K. Wolfson, J.S.C. (ret.) as special master in this matter, and Judge Wolfson is to address the parties' current and any future discovery disputes. Dkt. No. 197. The facts that discovery is ongoing, and that the parties have

7

unresolved discovery disputes over issues that may directly impact the merits of this case, further evidence that findings of fact in the Memorandum Opinion would be premature.

<u>Fifth</u>, and finally, it would be fundamentally unfair to <u>all</u> parties in this litigation to bind them to statements in the Memorandum Opinion.  As noted, plaintiffs, Temple, and MS Amlin did not pursue such factual findings, they presented no evidence on the issue, and the insurers who did not join in Temple's motion have had no opportunity to present evidence or argument pertaining to choice of law or any other legal or factual issue that may ultimately impact whether any insurer must provide insurance coverage to the plaintiffs.  Should factual assertions in the Memorandum Opinion be considered binding findings of fact, therefore, all defendants would be deprived of their right to present their respective claims and defenses, which rely on their own unique insurance policies and facts and circumstances surrounding those policies.

## CONCLUSION

For the foregoing reasons, Temple and MS Amlin respectfully request that the Court issue an order clarifying that its Memorandum Opinion was not intended to make binding findings of fact.

| | |
|---|---|
| Dated: New York, New York<br>April 26, 2019 | DLA PIPER LLP (US)<br><br>By:  */s/ Steven M. Rosato*<br>     Steven M. Rosato<br>     steven.rosato@dlapiper.com |
| Of Counsel:<br><br>Joseph G. Finnerty III (*pro hac vice*)<br>joseph.finnerty@dlapiper.com<br>John Vukelj (*pro hac vice*)<br>john.vukelj@dlapiper.com<br><br>DLA Piper LLP (US)<br>1251 Avenue of the Americas<br>New York, NY 10020-1104<br>Tel.: 212.335.4500<br>Fax: 212.335.4501 | 1251 Avenue of the Americas<br>New York, NY 10020-1104<br>Tel.: 212.335.4500<br>Fax: 212.335.4501<br><br>Attorneys for Defendant<br>  Temple Insurance Company |
| | MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.<br><br>By:  /s/ Melissa J. Brown<br>     Melissa J. Brown<br>     Sean X. Kelly |
| Of Counsel:<br><br>Christopher T. Conrad (pro hac vice)<br>David A. Wilford (pro hac vice)<br>Sabina B. Danek (pro hac vice)<br><br>WILFORD CONRAD LLP<br>18 East Dundee Road<br>Building 6, Suite 150<br>Barrington, Illinois 60010<br>Tel.: 224.848.4723<br>cconrad@wilfordconrad.com<br>dwilford@wilfordconrad.com<br>sdanek@wilfordconrad.com | Cherry Tree Corporate Center, Suite 501<br>535 Route 38 East<br>Cherry Hill, New Jersey 08002<br>Tel.: 856.663.4300<br>mbrown@moodklaw.com<br>skelly@moodklaw.com<br><br>Attorneys for Defendant<br>Certain Underwriters at Lloyds, London<br>subscribing to Policy No. QB146013 |