# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC.; VALEANT PHARMACEUTICALS INTERNATIONAL; and AGMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AIG INSURANCE COMPANY OF CANADA; ACE INA INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; ARCH INSURANCE CANADA LTD; EVEREST INSURANCE COMPANY OF CANADA; HARTFORD FIRE INSURANCE COMPANY; IRONSHORE CANADA LTD.; LIBERTY INTERNATIONAL UNDERWRITERS, a division of LIBERTY MUTUAL INSURANCE COMPANY; and LIBERTY MUTUAL INSURANCE COMPANY; LLOYD'S UNDERWRITERS; LLOYD'S CONSORTIUM 9885 (a/k/a STARR FINANCIAL LINES CONSORTIUM 9885); LLOYD'S SYNDICATE ANV 1861; LLOYD'S SYNDICATE AMA 1200; LLOYD'S SYNDICATE ARGO 1200; LLOYD'S SYNDICATE AWH 2232; LLOYD'S SYNDICATE BRT 2987; LLOYD'S SYNDICATE CVS 1919; LLOYD'S SYNDICATE HCC 4141; LLOYD'S SYNDICATE MITSUI 3210; LLOYD'S SYNDICATE MIT 3210; LLOYD'S SYNDICATE NAV 1221; LLOYD'S SYNDICATE QBE 1886; LLOYD'S SYNDICATE SJC 2003; ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; TEMPLE INSURANCE COMPANY; and XL INSURANCE COMPANY SE., <br><br> Defendants. | Civil Action No.: 3:18-cv-00493-MAS-LHG <br><br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION** |

Plaintiffs Valeant Pharmaceuticals International, Valeant Pharmaceuticals International, Inc., and AGMS Inc., (collectively "Plaintiffs" or "Valeant") submit this response to the motion for clarification filed by Defendants Temple Insurance Company and Certain Underwriters at Lloyds, London subscribing to Policy No. QB146013 ("MS Amlin"), and joined by Defendants AIG Insurance Company of Canada, Everest Insurance Company of Canada, Allianz Global Risks US Insurance Company, and Arch Insurance Canada Ltd.  Defendants' motion should be denied.

There is no basis or need to clarify this Court's April 12, 2019 Memorandum Opinion. All parties agree that the Court made no factual findings about the law governing the policies in this case, and expressly stated that its decision was based on the fact that "Valeant has sufficiently pled a controversy requiring a declaratory judgment on the issue," and as such a "real controversy" exists requiring further proceedings.  *See* Memorandum Opinion (ECF No. 195), at 13-14.  As Defendants note in their brief, motions for clarification should be granted only when there is a "need to correct a clear error of law or fact or to prevent manifest injustice."  *See Estate of Smith v. City of Wildwood*, Civ. No. 16-1925, 2019 WL 1207864 (D.N.J. Mar. 14, 2019); *see also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). There is no such need here.

Defendants' motion is speculative and unnecessary because no party appears to *actually* believe that in quoting from the insurance policies at issue, this Court purported to finally interpret the provisions or reached conclusions about would flow from the Court's language. Plaintiffs argued in opposition to the underlying motion that it would be premature for the Court to make any such factual findings.  *See* Pls. Br. Opposing Motion to Dismiss (ECF No. 164), at 3, 14.  Defendants similarly recognize that nothing in the decision purports to decide any factual

issue. *See* Memorandum of Law In Support of Temple Insurance Company and MS Amlin's Motion for Clarification (ECF No. 200) ("Defendants' Br."), at 2 ("It appears the Court—appropriately—did not make a choice of law determination in its Memorandum Opinion. The Memorandum Opinion offers no analysis or conclusion on what law governs the insurance policies at issue in this case.").

Although Defendants initially argued in their motion to dismiss that there was a sufficient basis to make factual findings in their favor, they now appear to have accepted the Court's rejection of those arguments, and do not seek to overturn the result of the motion. *See* Defendants' Br., at 4 & n.2. In fact, they now recycle language from Plaintiffs' initial briefs about the need to avoid merits determinations on jurisdictional motions to dismiss. *See* Letter Brief of Frank Arleo (ECF No. 202) ("AIG Letter"), at 3-4 (the "[c]ritical factual determinations regarding choice of law cannot be meaningfully made at this juncture"). While Plaintiffs are confident that when discovery is complete, the Court will determine that the policies at issue here were issued in Quebec, and that Quebec law governs the policies, neither the Court's recitation of allegations nor its quotation from policy provisions in describing the background for its decision needs clarification. *See Ebert v. Twp. Of Hamilton*, Civ. No. 15-7331, 2018 WL 4961467, at *3 (D.N.J. Oct. 15, 2018) (denying a similar motion seeking "clarification regarding the 'status'" of a declaration where it had already been "adequately addressed" by the Court).

The additional joining Defendants underscore the absence of confusion about the scope of the Court's ruling. For example, AIG Canada noted in its letter that it believed the Court's holdings "were not intended . . . to be binding" other than the "specific rulings contained in the Opinion." *See* AIG Letter, at 2. AIG and Everest appear to have only two purposes for joining the motion for clarification. First, they raise the *same* point Plaintiffs made in their opposition to

the motion to dismiss; that the Court should not reach choice-of-law issues because doing so would bind numerous parties (like them) who were not a part of the motion. *See* Defendants' Br., at 8 ("[I]t would be fundamentally unfair to all parties in this litigation to bind them to statements in the Memorandum Opinion."); Everest Insurance Company Joinder in Motion for Clarification (ECF No. 201), at 2 ("It would be fundamentally unfair to bind Everest to any factual finding in the Memorandum Opinion resolving a motion in which Everest was not involved."); AIG Letter, at 3 (same); Pls. Br., at 4. Second, AIG apparently hopes to start laying the groundwork for future motions by needlessly and erroneously attempting to argue its choice of law analysis—the very thing it argues the Court should not do at this stage of the litigation. *See* AIG Letter, at 5-6 (arguing the merits of AIG's choice of law contentions).

There is no need for this Court to "clarify" something on which all parties fundamentally agree. Motions for clarification and reconsideration should not be granted to confirm what the parties already know out of an "abundance of caution." Defendants' Br., at 3; *see Ebert*, 2018 WL 4961467, at *4 (denying motion in part because "Plaintiffs do not seek clarification regarding something ambiguous or vague"). The purported ambiguity Defendants suggest falls far short of the threshold required to clarify or reconsider the Court's opinion. The Court's language in its decision is clear. The basis for its decision, and its reliance on the specific pleadings and policies quoted from are plain from the decision itself. This Court need not explain that it did not do something that no party actually believes it did.[1] *See* Defendants' Br., at 5 ("[I]t does not appear that this Court intended to make binding findings of fact in the Memorandum Opinion."). Plaintiffs believe that the contours of the Court's decision were clear, and that Defendants' motion should therefore be denied.

---

[1] Even if the Court were inclined to consider Defendants' motion, Plaintiffs do not believe there is any reason to inconvenience the Court with oral argument.

3

## **CONCLUSION**

For the foregoing reasons, Plaintiffs ask that the Court deny Defendants' motion to reconsider or clarify its April 12, 2019 Memorandum Opinion on Defendants' motion to dismiss.

Dated: May 6, 2019

                                            McCARTER & ENGLISH, LLP

                                            By:  /s/ Sherilyn Pastor
                                                Sherilyn Pastor (Bar I.D. # 026031988)
                                                Gita F. Rothschild (Bar I.D. # 019281977)
                                                Four Gateway Center
                                                100 Mulberry Street
                                                Newark, NJ 07102
                                                (973) 622-4444

                                                 -and-

                                                John E. Failla (admitted *pro hac vice*)
                                                Nathan Lander (admitted *pro hac vice*)
                                                Seth B. Schafler (admitted *pro hac vice*)
                                                PROSKAUER ROSE LLP
                                                11 Times Square
                                                New York, NY 10036
                                                (212) 969-3000

*Attorneys for Plaintiffs,*
*Valeant Pharmaceuticals International, Inc.,*
*Valeant Pharmaceuticals International, and*
*AGMS, Inc.*