UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VALEANT PHARMACEUTICALS
INTERNATIONAL, INC. *et al.*,

Plaintiffs,

v.

AIG INSURANCE COMPANY OF
CANADA, *et al.*,

Defendants.

Civil Action No. 18-00493 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendants Temple Insurance Company ("Temple") and Certain Underwriters at Lloyd's, London Subscribing to Policy No. QB146013's ("MS Amlin") (collectively, "Moving Defendants") Motion for Clarification. (ECF No. 199.) The following Defendants either moved to join Moving Defendants' Motion or joined in Moving Defendants' Motion: Everest Insurance Company of Canada ("Everest") (ECF No. 201); AIG Insurance Company of Canada ("AIG Canada") (ECF No. 202); Allianz Global Risks US Insurance Company ("Allianz") (ECF No. 203); and Arch Insurance Canada Ltd. ("Arch") (ECF No. 204). Plaintiffs Valeant Pharmaceuticals International, Valeant Pharmaceuticals International, Inc., and AGMS Inc. (collectively, "Plaintiffs") opposed. (ECF No. 205.) The Court has carefully considered the parties' submission and decides the Motions without oral argument pursuant to Local Civil Rule 78.1.

Defendants[1] seek an order clarifying that the Court's April 12, 2019 Memorandum Opinion (the "April Opinion") does not "include binding findings of fact, particularly concerning where

---

[1] The Court refers to Temple, MS Amlin, Everest, AIG Canada, Allianz, and Arch collectively as "Defendants."

the insurance policies were issued and what law governs in this action." (Moving Defs.' Moving Br. 1, 3, ECF No. 200; Everest's Moving Br. 1, ECF No. 201; AIG Canada's Correspondence 3, ECF No. 202; Allianz's Moving Br. 1, ECF No. 203; Arch's Correspondence 1, ECF No. 204.) Plaintiffs argue there is no need to clarify the April Opinion because there is no confusion and the parties "fundamentally agree" in their views of the April Opinion. (Pls.' Opp'n Br., ECF No. 205.)

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Associated Builders & Contractors, Inc. v. City of Jersey City, N.J.*, No. 14-5445, 2017 WL 5951582, at *2 (D.N.J. Nov. 29, 2017) (quoting *Skelcy v. United Health Grp.*, No. 12-1014, 2014 WL 9910576, at *1 (D.N.J. Nov. 14, 2014)). "In contrast, motions for reconsideration are intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Skelcy*, 2014 WL 9910576, at *1 (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

Here, the Court notes that the parties appear to agree the Court did not issue binding findings of fact in the April Opinion. Taking a contrary view ignores that, when considering the motions before it, the Court did not evaluate any evidence beyond the pleadings and the attachments thereto. (*See generally* Mem. Op. 1-6, ECF No. 195.) Moreover, the statements Defendants are concerned with were supported by citations to the complaint and the exhibits submitted along with the parties' briefs. (*Id.*) The Court, nevertheless, recognizes Defendants' position that certain statements in the April Opinion touched on potentially dispositive issues which are vehemently disputed between the parties.

For the reasons set forth above, and other good cause shown,

**IT IS** on this 21st day of August, 2019 **ORDERED** that:

1. Moving Defendants' Motion for Clarification (ECF No. 199) is **GRANTED**.
2. Everest's Motion for Joinder (ECF No. 201) is **GRANTED**.

3. Allianz's Motion for Joinder (ECF No. 203) is **GRANTED**.

4. The Court hereby clarifies that its April 12, 2019 Memorandum Opinion (ECF No. 195) does not constitute binding findings of fact.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE