UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AIG INSURANCE COMPANY OF CANADA *et al.*, <br><br> Defendants. | Civil Action No. 18-493 (MAS) (LHG) <br><br> **ORDER** |

This novel matter of insurance contract interpretation comes before the Court on the Report and Recommendation (the "Report") of the Special Master, the Honorable Douglas K. Wolfson, J.S.C. (ret.), which recommended granting Plaintiffs' motion for judgment on the pleadings and denying Defendants' cross-motion for judgment on the pleadings. (ECF No. 265.) Defendant Allianz Global Risks US Insurance Company ("Allianz") objected to the Special Master's Report, to which a group of insurer Defendants joined. (ECF No. 272.)[1] Plaintiffs Valeant Pharmaceuticals International, Inc., Valeant Pharmaceuticals International, and AGMS, Inc. (collectively, the

---

[1] Specifically, the following Defendants joined Allianz's objection: (1) Hartford Fire Insurance Company (ECF No. 273); (2) Arch Insurance Canada Ltd. (ECF No. 274); (3) Everest Insurance Company of Canada (ECF No. 275); (4) Liberty International Underwriters, Liberty Mutual Insurance Company, Royal & Sun Alliance Insurance Company of Canada, Certain Underwriters at Lloyd's, London subscribing to Policy No. QB078613, and Certain Underwriters at Lloyd's, London subscribing to Policy No. QB078913 (ECF No. 276); and (5) Temple Insurance Company and Certain Underwriters at Lloyd's, London subscribing to Policy No. QB146013 (ECF No. 277) (collectively and together with Allianz, "Objectors").

"Valeant Entities") opposed (ECF No. 288), and Allianz replied (ECF No. 296).[2] The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons set forth in the accompanying Memorandum Opinion and other good cause shown,

**IT IS**, on this 6th day of September 2022, **ORDERED** as follows:

1. The Special Master's Report is **ADOPTED IN-PART** and **REJECTED IN-PART**. The Court adopts all but section D.7 of the Report's Disposition part.[3]

2. The Court **GRANTS** the Valeant Entities' Motion for Judgment on the Pleadings. (ECF No. 233.)

3. The Court **DENIES** Defendants' Cross-Motion for Judgment on the Pleadings. (ECF No. 238.)

                                                                    MICHAEL A. SHIPP
                                                             UNITED STATES DISTRICT JUDGE

---

[2] The same Defendants that joined Allianz's objection joined Allianz's reply. (ECF No. 297 (joinder of Liberty International Underwriters, Liberty Mutual Insurance Company, Royal & Sun Alliance Insurance Company of Canada, Certain Underwriters at Lloyd's, London subscribing to Policy No. QB078613, and Certain Underwriters at Lloyd's, London subscribing to Policy No. QB078913); ECF No. 298 (joinder of Temple Insurance Company and Certain Underwriters at Lloyd's, London subscribing to Policy No. QB146013); ECF No. 299 (joinder of Hartford Fire Insurance Company); ECF No. 300 (joinder of Arch Insurance Canada Ltd.); ECF No. 301 (joinder of Everest Insurance Company of Canada).)

[3] To the extent the Special Master's Report reaches "covered claims," the Court reverses those portions.